18   305
18   315

PHILLIPS, APPELLANT, *v.* PHILLIPS, EXECUTRIX, RE-
SPONDENT.

[Submitted May 18, 1896.  Decided June 1, 1896.]

EXECUTORS—*Parties—Identity of plaintiff and defendant—Claims against estate.*—An executrix of an estate cannot maintain an action in her personal capacity against herself in her representative capacity, upon a claim against the estate, incurred for funeral expenses, which she had approved, as executrix, but which had been disallowed by the court and which, after being so disallowed, had been assigned to her by the owners; nor upon a claim for an allowance as the widow of the decedent.

SAME—*Same—Section 167 Probate Practice Act construed.*—Section 167 of the Probate Practice Act (1887) providing that if an executor is a creditor of the decedent and his claim has been presented to the probate judge and rejected he may maintain an action thereon against the estate, contemplates an existing debt, and does not authorize an action on a claim paid by an executrix, personally, after the decedent's death and in the course of administration; nor does it authorize an action for an allowance by the widow of the decedent while acting as executrix.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION on claims against an estate.   Defendant's demurrer to the complaint was sustained by McHATTON, J.   Affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiff, Anna M. Phillips, commenced this action against herself as executrix of the will of her husband, George W. Phillips, deceased, to recover the sum of $2,521.25, and for an allowance of $100 per month out of the estate of her husband for necessary maintenance from the time of her appointment as executrix up to the time of her final release and discharge.   Her complaint alleges, under her first cause of

action, that her husband in his last illness asked that his body be buried in the Oakland cemetery, St. Paul, Minn., and that in conformity with said request she transported the body from Butte to St. Paul, bought a burial lot, erected a monument, and in and about other funeral and burial expenses was compelled to pay out $2,521.25. She pleads that considering the amount and value of the estate, which was appraised at over $20,000, and considering that what plaintiff did was done at the request of the decedent, made before his death, the amount paid out was reasonable, and should have been allowed to her as a credit in the settlement or account as executrix of her husband's will; that accounts, duly verified as required by law, were presented by the persons to whom the money was due and paid, and were allowed and approved by her as executrix, and were afterwards presented to the judge of the district court for approval and allowance, but the judge rejected the claims; that it was impossible for plaintiff to recover back the money so paid on said accounts, and that, after the judge disallowed the same, the persons to whom the moneys were paid sold, assigned and transferred their several claims to plaintiff, and plaintiff became the legal owner and holder thereof; that after such assignment she presented to the judge of the district court an account for the moneys so paid out and expended, but the court rejected the claims.

For a second cause of action, after alleging the death of her husband, and her appointment as executrix under the will, and the value of the estate, plaintiff avers that when her husband died he was not possessed of any homestead or real estate out of which a homestead could be set apart for her use during her administration of his estate; that she applied to the court for an allowance for maintenance and support during the time she might be engaged in the discharge of her duties as executrix, but said allowance was refused; that without an allowance her only compensation will be the commissions due her as executrix, to wit, $524.15, and that the necessary expenses of plaintiff while engaged in the settlement of the estate, and removal and burial of her husband's body, exceed the sum of

$100 per month, and that said sum is just and reasonable, and should have been allowed and granted by the court, and that the estate is solvent.

The claim which plaintiff presented to the judge, and which was rejected before the commencement of this suit, is an itemized statement of the claims "paid by said executrix on account of said estate, which claims were afterwards rejected and disallowed by the court on the 7th day of April, 1894, to wit : "

| | |
|---|---:|
| Oakland Cemetery, St. Paul, Minn | $1 599 00 |
| Minnesota Steam Marble Works | 867 25 |
| William Dampier | 55 00 |
| Total | $2,521 25 |

By John T. Baldwin, Esq., who it is conceded was appointed counsel for the defense, a demurrer was interposed to the first cause of action upon several grounds, one of which was that the plaintiff could not acquire title to the said claims by purchase, assignment or otherwise; and upon the further ground that there is a defect of parties plaintiff and defendant, and that the plaintiff and defendant are one and the same identical person, and that there was no cause of action stated.

He also demurred to the second cause of action set forth for lack of jurisdiction, and because there was another proceeding pending between the same parties for the same cause,—that is, the settlement of the account of plaintiff and defendant as executrix,—and her claim as widow for an allowance was pending at the time in the same court in which this action was instituted; also upon the ground of a defect of parties as stated in the demurrer to the first cause of action.

The court sustained the demurrer to both causes of action, and, plaintiff having elected to stand upon her complaint, judgment was entered against her and in favor of defendant. The plaintiff appeals from the judgment and order of the court sustaining the demurrer to the complaint.

*S. De Wolfe*, for Appellant.

*John L. Baldwin*, and *John W. Cotter*, for Respondent.

I.   This action is not within the purview of section 167, second division, probate practice act, compiled statutes of Montana, 1887.   The complaint does not show that the executrix was at any time a creditor of the decedent.   No administratrix or executrix shall purchase any claim against the estate she represents.   (Probate Practice Act, § 252.)   An executrix or administratrix acquires no right of subrogation by purchase of a claim against the estate she represents.   (7 Am. & Eng. Ency. of Law, page 314 and note.)   The policy of the law is to prevent an executrix from being placed in a position which would bias her against the discharge of her duties. (2 Law R., R. & P., § 728; *Mossely* v. *Lane*, 62 Am. Dec. 752.)   No one can be both plaintiff and defendant in the same action.   (Barber on parties, page 18; *Trustees* v. *Stewart*, 27 Barb. 553; *Blaisdell* v. *Ladd*, 14 N. H. 129; *Byrne* v. *Byrne*, 94 Cal. 576, 29 Pac. 1115, 30 Pac. 196.)   "It is a first principle that in whatever capacity a person may act, he never can contract with himself, nor maintain an action against himself." (*Eastman* v. *Wright*, 6 Pick. 316; *Brown* v. *Mann*, 71 Cal. 192; *Byrne* v. *Byrne*, 94 Cal. 576.)   If the executrix were dissatisfied with such order of the court, her only remedy was by an appeal therefrom.   (§ 324, page 354, Compiled Statutes of Montana, 1887.)   Where a claim is rejected, the executrix's only remedy is to resign and bring suit as any other creditor.   (Alexander and Joseph's Probate Law and Practice, page 241; citing, *Wilkins* v. *Wilkins*, 1 Wash. Ter. 87.)

II.   The order refusing to grant an allowance to the widow was appealable.   (Code of Civil Procedure, Sec. 421, 444; *In re McFarland's Estate*, 10 Mont. 445, 452.)   The order refusing to grant an allowance to the widow being an appealable order, and the time having been allowed to pass, it cannot be reviewed in the manner in which the appellant now seeks to have it reviewed.   (*In re Stephens' Estate*, 83 Cal. 322, 326; *In re Stotts' Estate*, 52 Cal. 403; *In re Coutts' Estate*, 87 Cal. 480, 482.)

HUNT, J.—Mrs. Phillips is suing herself, her contention being that under our statutes she may personally bring an ac-

tion for moneys alleged to be due to her as an individual against herself acting in her trust capacity. But how can a party be legally interested in each side of a question? How can Mrs. Phillips verify her complaint that the moneys she has sued for are due, and that the amounts are reasonable, and consistently resist payment thereof by verifying an answer to the effect that the claims are not due, and are not reasonable, if such be the case? Manifestly, on principle, the law will not permit a party to be both plaintiff and defendant in an action. Chit. Pl. *47.

Mrs. Phillips, in her capacity as executrix, is a trustee for heirs, legatees, and devisees, and her duty was not to enter into any relation, or to do any act, not consistent with the interests of the beneficiaries of her trust. As executrix her relation was a confidential one. Her duty, therefore, was undivided to her beneficiaries, and she could not put herself in the conflicting attitude of a plaintiff suing herself as a defendant, and thus subject herself to the temptation of acting contrary to the best interests of the legatees, her *cestuis que trustent*. (Pomeroy's Eq. Jur. § 1077; *Byrne* v. *Byrne*, 94 Cal. 576, 29 Pac. 1115, and 30 Pac. 196.)

We are unable to agree with the appellant that these general principles just stated are relaxed by section 167 of the probate practice act (Comp. St. 1887, 2d div.), which provides: "If the executor or administrator is a creditor of the decedent, his claim, duly authenticated by affidavits, must be presented for allowance or rejection to the probate judge, and its allowance by the judge is sufficient evidence of its correctness; and it must be paid as other claims, in due course of administration. If, however, the probate judge rejects the claim, action thereon may be had against the estate by the claimant, and summons must be served upon the probate judge, who may appoint an attorney at the expense of the estate to defend the action. If the claimant recovers no judgment, he must pay all costs, including defendant's fees.".

The statute must be read as it is. It enables an adminis-

trator to collect a claim if the decedent was his debtor, but makes no provision for the presentation of claims paid by an administrator or executor after death and in the course of administration.    It cannot be construed in a manner to allow this action to stand, without countenancing rules in conflict with principles essential to the safety and preservation of the estates of decedents.

The views here expressed are alike applicable to both causes of action stated in the complaint, and lead to an affirmance of the judgment.

Plaintiff must have had, and possibly may yet have, some means of obtaining reimbursement from the estate for a reasonable outlay in the funeral expenses of her husband. But it would seem to lie in the accounting and appeal from the order of the court disallowing her claim.    (Comp. St. 1887, 2d div. § 445; Redfield's Law and Practice of Surrogate Courts, p. 439.)    In good conscience she should be allowed what is reasonable, particularly if the exigencies of the case were such that to obtain a place of interment an advance of money was made by her individually.

It would also seem that under the statutes her remedy for the refusal of the court to make her an allowance was by appeal.    But she cannot maintain this action.    Judgment affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.    DE WITT, J., not sitting.