In re WALLACE.

(Supreme Court, Appellate Division, Fourth Department. January 21, 1902.)

1. ADMINISTRATOR—ADVERSE INTEREST—REMOVAL.
　　Where an administrator has acted improperly, and claims that substantially the whole estate belongs to himself, he should be removed, and one appointed whose interests are not adverse to the estate.

2. SAME—ACTION—TRIAL BY JURY.
　　Where an administrator claims substantially the whole of the estate as his property, the fact that he has given bond, and that the question of title may be settled by the surrogate on the final accounting, does not justify his retention of the office, since the heirs are entitled to an administrator who can, if so advised, bring suit against such claimant.

Appeal from surrogate's court, Erie county.

Application by Elizabeth Wallace for the removal of James Gorman, as administrator of the estate of May Gorman, deceased. From an order dismissing the petition, petitioner appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Thomas C. Welch, for appellant.
Marshall & Rebadow, for respondent.

WILLIAMS, J. The order appealed from should be reversed, and a decree directed revoking the letters of administration issued to James Gorman, respondent, with $10 costs and disbursements of this appeal to appellant, payable from the estate. The respondent is an unfit and improper person to remain administrator. He has acted improperly, and, moreover, he claimed that substantially the whole estate belonged to himself, and that the deceased had no property when she died, although there was standing in her name in three savings banks in Buffalo nearly $6,000. If he has succeeded in getting that money into his hands at all, he must have drawn and receipted for it as administrator of the estate. He has no interest in the estate to protect. His whole interest is against the estate. Un-

der these circumstances, he should not be allowed to remain adminis-
trator. See In re West's Estate, 40 Hun, 291, affirmed in 111 N. Y.
687, 19 N. E. 286.

It is said that the respondent has given adequate security; that
the ownership of the property in question can be settled by the surro-
gate upon the final accounting. We think the petitioner is entitled
to have an administrator appointed, who can, if so advised, bring suit
against the respondent, and have the controversy determined in a
court, where a trial by jury can be had, and that in the meantime the
control of the whole estate should not be in the respondent's hands.
The petitioner did not ask to be appointed administrator herself,
but she objected to her brothers being appointed, because she claimed
they also would be unfriendly to her. An administrator should be
appointed who will act impartially in the management of the estate,
and, if it is necessary to go outside the family to make such selec-
tion, the surrogate should adopt that course. All concur.

Order reversed, and decree directed revoking the letters of administration
issued to the respondent, with $10 costs and disbursements to appellant, pay-
able out of the estate.