(89 Misc. Rep. 717)

### In re KIRCHNER.

(Surrogate's Court, Kings County. March, 1915.)

EXECUTORS AND ADMINISTRATORS ⬥⟾35—LETTERS OF ADMINISTRATION—GROUNDS FOR REVOCATION—GIFTS.

That sons of decedent, now her administrators, took from her for themselves and a sister, to the exclusion of another sister a gift of all their mother's property when her competency was questionable authorized a revocation of the letters of administration.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 227–262; Dec. Dig. ⬥⟾35.]

Application by Sophie Kirchner for a decree revoking letters of administration issued on the estate of Ann Elizabeth Gimpel to Louis Gimpel and another, as administrators. Letters revoked.

Aron & Vanderveer, of New York City, for petitioner.

Kiendl & Sons, of Brooklyn (Theodore Kiendl, Jr., of Brooklyn, of counsel), for respondents.

KETCHAM, S. The letters of administration will be revoked.

It was dishonesty on the part of the two sons of the decedent, now the administrators, to take from their mother, for themselves and a daughter of the decedent, to the exclusion of another daughter, all the property which she had, under the circumstances established with respect to her mental weakness and dependence. If the condition of health into which she had fallen in her old age was not enough to demonstrate her complete incompetency to understand and manage her affairs, it was still dishonesty, at a time when her competency was seriously questionable, to avail themselves of her willingness to give

away all that she had and to distribute it among themselves and their sister in such a way that one of her children was disregarded.

The mother's gifts were made to three of her sons and daughters, while they had access, opportunity, and incentive to profit by her improvidence. At the same time the daughter to whom she gave nothing was without opportunity to impress her needs, her claims, or her desert upon the mother. Of the children who have partaken of the decedent's inconsiderate generosity, two have taken administration upon her estate without any assignable motive, unless it be to intrench themselves against such legal attack as their conduct during the decedent's lifetime would naturally invite.

There will be no finding that the transfers of property made by the decedent were obtained at a time when she was mentally incompetent, or that they were induced by abuse of the dependent relation which she bore toward those who got her property. A sufficient basis of the decree of revocation will be that the transfers were made by one who was in physical and moral dependency upon those who made gain from her infirmity, and that her mental condition was such that it was dishonesty to make use of it to obtain all her property.

A further ground for the decree is that the administrators' own interest is hostile to the safety and welfare of the estate in every substantial respect.

Beyond the $50 which has been taken into the care of the administrators, upon their allegation that nothing else was left by their mother, there is no need for their remaining in office.

The assertion and maintenance of control over an estate under these circumstances is said to be misconduct. Matter of West, 40 Hun, 291, affirmed 111 N. Y. 687, 19 N. E. 286; Matter of Gleason, 17 Misc. Rep. 510, 41 N. Y. Supp. 418; Matter of Wallace, 68 App. Div. 649, 74 N. Y. Supp. 33; Matter of Stallo, 82 Misc. Rep. 135, 143 N. Y. Supp. 775, reversed on grounds not material to this discussion, Matter of Sweeney, 209 N. Y. 567, 103 N. E. 164.

The petitioner may take a decree revoking the respondents' letters and directing them to render and settle their accounts.

Decreed accordingly.