Matter of Estate of MICHAEL D. DRUMMOND, Deceased.

(Surrogate's Court, New York County, May, 1917.)

Executors and administrators — when executor ·may not be removed — partnership — corporation — Code Civ. Pro. § 2569.

An executor may not be removed from his office merely because he presents a claim against the estate of the decedent or claims that property ostensibly constituting a part thereof in reality belongs to him.

The petition of the legatee of one-sixth of an estate for the revocation of letters testamentary and the removal of the ex-

ecutor alleged that he had stated that the partnership existing between him and decedent at the latter's death was insolvent, and that the estate was indebted to him as the surviving member of the partnership; that among the creditors of the firm were certain corporations that were owned or controlled by the executor. The petition also alleged that the executor and surviving member of the firm claimed title to certain shares of stock; that a deed of conveyance of certain real estate made by decedent years before his death to said executor was without consideration; that said deed was not delivered until after the marriage of the decedent to the petitioner and that the executor had failed to include such real estate among the assets of the estate. The petition further alleged that the purported sale and assignment of certain shares of stock by decedent, five years before his death, to said executor was not *bona fide* but was merely intended to transfer the legal title to said stock during the time decedent held a certain municipal position and that such stock should be included among the assets of the estate. The application was opposed by the legatees entitled to two-thirds of the estate.

*Held,* that, assuming the truth of the allegations of the petition, they did not justify the removal of the executor under section 2569 of the Code of Civil Procedure which enumerates the delinquencies or acts of misconduct for which an executor may be removed by the Surrogate's Court, and that the application should be denied.

APPLICATION by a legatee for the removal of an executor and for the revocation of letters testamentary.

Blandy, Mooney & Shipman, (Charles Blandy, and Eli S. Wolbarst, of counsel), for petitioner.

Edward J. McGuire, for respondent.

Olcott, Gruber, Bonynge & McManus, (Terence J. McManus, and Joseph Glass, of counsel), for heirs and next of kin of Michael J. Drummond, Deceased.

FOWLER, S. This is an application by Helen M. Drummond, a legatee to whom the decedent bequeathed one-sixth of his estate, for the removal of Walter J. Drummond as executor, and for the revocation of letters testamentary issued to him by this court on February 14, 1916. The application is opposed by legatees who are entitled to two-thirds of the estate.

It appears from the moving papers that the decedent and Walter J. Drummond entered into a partnership in 1900, and that the partnership continued until it was terminated by the death of the decedent on the 22d of January, 1916. The petitioner alleges that the executor has stated that the partnership is insolvent, that the decedent's estate is indebted to him as surviving member of the partnership, and that among the creditors of the firm are certain corporations that are owned or controlled by the executor. She also alleges that the executor in his capacity of surviving member of the firm of M. J. Drummond & Co. claims title to 683 shares of the preferred stock of the Shawmut-Clay Manufacturing Co; that a conveyance of certain real estate, which was made by the decedent to Walter J. Drummond in 1910, was without consideration; that the deed was not delivered until after the marriage of the decedent to the petitioner, and that the executor has failed to include such real estate among the assets of the estate. The petitioner further alleges that the purported sale and assignment of 2,250 shares of the capital stock of the Jamaica Water Supply Co. by the decedent to Walter J. Drummond in February, 1911, was not a *bona fide* sale, but was merely intended to transfer to Walter J. Drummond the legal title to such shares during the time that the decedent held a certain position in the city administration of the city of New York, and

that such stock should be included among the assets of the estate. The petitioner therefore contends that the executor was, at the time letters testamentary were issued to him, and that he now is, incompetent and disqualified by law to act as such executor; that his individual interests are adverse to and in conflict with his duties as executor, and that he should therefore be removed.

Assuming the truth of these allegations, I shall consider whether they are sufficient to justify the removal of the executor.

Section 2569 of the Code contains an enumeration of the delinquencies or acts of misconduct for which an executor may be removed by this court. Subdivision 1 of that section provides that an executor may be removed if, at the time he was appointed or when letters were issued to him, he was incompetent or disqualified to act, and the grounds of the objection did not exist or were not taken by the petitioner at that time. The various disqualifications which render a person incompetent to receive letters testamentary are specified in section 2564 of the Code, but the petition does not contain any allegation which would render the executor incompetent or disqualified to act under that section. Subdivision 2 provides that the executor may be removed where it appears that he has wasted or improperly applied the assets in his hands, or invested money in securities unauthorized by law, or improvidently managed the property committed to his charge, or by reason of other misconduct in the execution of his office, or dishonesty, drunkenness, improvidence or want of understanding he is unfit for the due execution of his office. The petitioner does not allege any facts which would bring the acts of the executor within this subdivision. The other subdivisions of section 2569 need not be considered, as the

Surrogate's Court, New York County, May, 1917.    [Vol. 100.

allegations of the petition do not purport to bring the application within them.

It would seem, therefore, that the application must fail unless the executor may be removed (1) because of the allegation that the estate is indebted to him as surviving member of the firm of M. J. Drummond & Co., and that he as such surviving member claims title to certain property which the petitioner contends is the property of the estate; (2) because of the allegation that he claims certain property to which even the petitioner admits that he has a legal title.

The attorneys for the petitioner contend that these allegations are sufficient to justify the removal of the executor, and they cite numerous authorities, some of which contain dicta that would seem to sustain the contention of the petitioner. An examination of the points involved in these cases, however, shows a distinction between them and the matter under consideration. In *Pyle* v. *Pyle,* 137 App. Div. 568, an application was made to the Supreme Court for the removal of a testamentary trustee. In that court the power of removal is not limited to the specific instances prescribed by statute, as is the case in this court. In *Matter of Hirsch, No. 1,* 116 App. Div. 367, the executor applied assets of the estate to the payment of additional margins on stocks in a speculative account which the decedent maintained at the time of his death. This was sufficient ground for removal, apart from the fact that the executor claimed a part of the assets of the estate. In *Matter of Wallace,* 68 App. Div. 649, the court said, in relation to the removal of the executor: "He has acted improperly, and, moreover, he claimed that substantially the whole estate belonged to himself." It is apparent from the language of the court that the removal was made upon the ground that the executor had acted improperly, and this was a find-

ing distinct and apart from the subsequent subsidiary clause to the effect that he had claimed substantially the whole estate. The latter clause would seem to have been inserted not as in itself a justification for the removal, but in aggravation of the misconduct already found by the court. In *Matter of West,* 40 Hun, 291, the executrix was removed upon the ground that there was a false suggestion of a material fact in obtaining her letters. It is true that she also claimed a part of the estate belonged to her, but the surrogate removed her upon the other ground mentioned.

I have carefully examined the authorities upon this question and fail to find an authoritative decision which holds that an executor may be removed merely because he presents a claim against the estate, or claims that property ostensibly constituting part of the estate in reality belongs to him. Such a cause for removal does not seem to have been in contemplation of the legislature, for it is expressly provided in section 2679 that upon the judicial settlement of the account of an executor he may prove any debt owing to him by the decedent or any claim which he may have against the estate. In the matter under consideration the right of the executor to apply any part of the assets of the estate to the payment of the indebtedness of the firm of which the decedent was a partner may be determined upon the accounting. At that time also the other questions in relation to the shares of stock of the Shawmut-Clay Manufacturing Co. and the Jamaica Water Supply Co. may be determined.

Assuming the truth of the allegations contained in the petition, I find that they do not justify the removal of the executor under section 2569 of the Code. The application is therefore denied.

Application denied.