## In re JONES' ESTATE.

No. 3670.   Decided November 16, 1921.   (202 Pac. 206.)

1. APPEAL AND ERROR—CERTIFICATE OF DISTRICT JUDGE TO BILL OF EXCEPTIONS IS CONCLUSIVE. The certificate of the district judge in settling the bill of exceptions that it contained the proceedings and the evidence taken at the hearing is binding upon the Supreme Court.

2. WILLS—VERDICT AGAINST WILL SUPPORTED BY EVIDENCE NOT REVERSED. A decree denying probate of a will based upon a verdict finding fraud and undue influence will not be reversed on appeal if it is supported by the evidence, even though a contrary verdict would also have had support in the evidence.

3. WILLS—COSTS OF CONTEST NOT ALLOWED AGAINST INSOLVENT

ESTATE. Where the statement by contestants showed the estate was insolvent, which was undisputed, and it appeared deceased's wife had been divorced from him and that all their children were dead, so that none of his property was exempt from the claims of creditors, the costs incurred by proponents and contestants will not be allowed as a charge against the estate regardless of the outcome, since the contest was a fruitless thing, and the rights of the creditors should not be thereby prejudiced.

4. EXECUTORS AND ADMINISTRATORS—EXPENDITURES OF SPECIAL ADMINISTRATOR IN WILL CONTEST NOT ALLOWABLE AGAINST ESTATE. The amounts expended by a special administrator for attorney's fees in performing his duty under Comp. Laws 1917, § 7610, to collect and preserve the estate, may be allowed as a charge against the estate, but such administrator has no right or interest in the contest of the will, and his expenditures for attorney's fees and other costs in such contest cannot be charged against the estate.

5. EXECUTORS AND ADMINISTRATORS—APPOINTMENT OF ADMINISTRATOR NOT INTERESTED IN PROPONENTS OR CONTESTANTS ADVISED. Where none of the property of an estate was exempt from claims of creditors, and the estate was insolvent, but, notwithstanding that fact, the heirs and the beneficiaries under the will contested its validity, and a decree denying probate was affirmed, the district court should name as administrator some one not interested in or related to any of the proponents or contestants.

Appeal from District Court, First District, Box Elder County; Wilson McCarthy, Judge.

Proceedings to contest the will of William H. Jones, deceased. From a decree denying the probate, the proponents and beneficiaries appeal.

AFFIRMED, and costs disallowed as a charge against the estate.

See, also, 190 Pac. 783.

*Wm. J. Lowe,* and *Chas. E. Foxley,* both of Brigham City, for appellant.

*Ricy H. Jones,* and *B. C. Call,* both of Brigham City, for respondent.

GIDEON, J.

William H. Jones died on or about May 6, 1918. He was a resident of Box Elder county in this state, and left property, both real and personal, in that county. He left a last will. That will was, by petition, presented to the district court for admission to probate on May 13, 1918. The court, by order, set a day for hearing the petition. Subsequently a brother of the deceased and others claiming an interest in the estate filed a contest against the admission of the will. Various grounds are alleged in support of the objections. After taking numerous depositions, a hearing was had before the court and a jury. Certain special interrogatories were submitted to the jury, one of which was the following: "Was said alleged will procured to be made by fraud or undue influence?" It was answered in the affirmative by the jury. The court adopted that answer, and upon it based an order denying the admission of the will to probate. A motion for a new trial was denied, and the beneficiaries or proponents of the will appeal.

A bewildering and confusing mass of motions and objections by both parties, in this court and in the court below, are found in the record. Among others is a motion to strike the bill of exceptions. In support of that motion it is contended that the bill was not settled in the time allowed by statute for settling bills of exceptions, and that the same does not contain all of the testimony heard in the district court. A consideration of the various motions and objections would in no way aid the court in determining the rights of the respective parties to this litigation. On the contrary, it would tend to confuse the real issues involved. The district judge, in settling the bill of exceptions, certified that it contained the proceedings and the evidence taken at the hearing. That certificate is binding upon this court and is the evidence to this court of the settlement of

the bill of exceptions and its contents. We are satisfied from an examination of the record that the appeal was taken within the statutory time, and that the record is before this court for review.

It will not be amiss to state at this point that, although the bill of exceptions was not before this court for review, the questions to be determined, except the order denying the will to probate, would be before the court on the judgment roll and could and should be considered and determined regardless of whether the bill of exceptions is properly before this court or not.

The assignments of error cover not only the refusal of the court to admit the will to probate, but objections are made to the allowance of costs arising out of the will contest.

We have examined the record, and are satisfied that the judgment of the court denying the will to probate finds support in the evidence. It is wholly immaterial whether a different conclusion would likewise have been supported by some substantial testimony. It is not the duty or right of this court to determine the weight of evidence when from the record it can be fairly stated that there is conflicting testimony. That order of the district court must therefore be affirmed.

The contestants or objectors to the admission of the will to probate in the first and second paragraphs of their objections state:

"Come now the heirs at law of said deceased, brothers and sisters of the whole and half blood, together with his former wife, and certain creditors of the said estate and all parties at interest therein, and confessing proponents' demurrer to the original contest of petitioners and file and serve this their amended opposition to the probate of the so called will propounded herein, and for grounds of contesting the proponents' petition for the probate of the said document allege and charge as follows, to wit:

"(1) Contestants admit that the said William H. Jones died on or about the 6th day of May, 1918, at the hospital in Salt Lake City, and that at the time of his death the deceased was a resident of Brigham City, in Box Elder county, Utah, where he left real estate, to wit, his homestead in lot 4, block 5, plat A of Brigham City, of the value of about $2,000, with the four-room, one-story

brick dwelling thereon, of the rentable value of about $250 a year, and personal effects of the probable value of $100, and contestants allege that he died intestate as hereinafter charged, and was otherwise insolvent."

The contest in the main is based, not on the administration of the estate by the parties asking for the probate of the will, but the objections are to the will itself, and the testimony taken and considered by the court relates almost exclusively to the validity of the will. Manifestly it could be of no concern to the creditors of the estate whether the will was admitted to probate or not. The deceased did not leave any direct heirs. His children by an early marriage had died several years prior to his decease. He had been divorced more than 20 years. Therefore none of his estate was exempt from the payment of debts. The second paragraph of the objections as quoted above undertakes to give the value of the property of the estate, whereas the third paragraph (not quoted) enumerates alleged debts of the deceased in an aggregate amount exceeding the total value of the estate by at least $1,000, thus showing affirmatively that the estate is insolvent. That statement is verified by one of the contestants. If creditors or heirs, under that condition of the estate, desire the luxury of a contest of the will, the expense of that contest should be borne by the parties interested, and should not be made a charge against the estate. After the contest had been decided in favor of the contestants and the will denied probate, a memorandum of costs and disbursements was filed by the contestants showing costs incurred in the sum of $278.50. The allowance of that cost is assigned as error. The cost bill apparently includes amounts paid for taking depositions by both the contestants and proponents. The proponents, having offered the will which the court determined should not be admitted to probate, were not entitled to have the costs incurred by them taxed against the estate. The opponents or contestants, having incurred costs in an effort to prevent the admission of the will to probate, under the facts disclosed by this record, in an estate which they affirmatively allege to be insolvent, are not entitled to have the costs incurred by them charged against

the estate. Those costs should be disallowed and all the parties thus required to pay the costs incurred by them respectively.

It also seems from the record that a special administrator was appointed, and the report by that administrator is found in the record. That report purports to contain a detailed statement of the ''costs and expenses of said special administrator.'' The report is designated ''amended account of special administrator of said estate.'' Among other items found in that account is one for $750 attorney's fees, and designated in the account as follows: ''Total fees of three attorneys, 25 days in contest, suit, discovery, citation, contempt, etc., lien filed.'' Other items found in that account relate to amounts paid for taking depositions of witnesses growing out of the contest of the will. What particular interest or right a special administrator has, or would have, in contesting the admission of a will to probate and in spending the estate's money for that purpose, does not appear from this record, and it is not readily conceived by the court why such duty was incumbent upon him. Manifestly any expense incurred in the contest of the will was no concern of the special administrator, and the court should not allow a charge against the estate for any amount so paid by such administrator or any other amount incurred in such contest.

The duties and powers of a special administrator are defined in Comp. Laws Utah 1917, § 7610, as follows:

''The special administrator must collect and preserve for the executor, or administrator, all the goods, chattels, debts, and effects of the decedent, all incomes, rents, issues, and profits, claims, and demands of the estate; must take charge and management of, enter upon and preserve from damage, waste, and injury, the real estate, and for such and all necessary purposes may commence and maintain or defend suits and other legal proceedings, as an administrator. * * *''

If the court shall find upon an examination that any of the services rendered by counsel for the special administrator resulted in the recovery of or preservation for the estate of any property likely to be lost to the estate, then a reason-

able compensation should be allowed for such services; but nothing should be allowed as a charge against the estate growing out of the contest either by the proponents of the will or the contestants.

The deceased died in May, 1918. He left a small estate, and, if the statements of the contestants of the will are to be accepted as true that estate is insolvent. The estate should have been administered for the benefit of the creditors and closed up without unnecessary delay or unnecessary cost.

In affirming the judgment of the district court in refusing the will to probate, and in directing a disallowance of costs as herein indicated, we recommend to the district court that some one be named as administrator of the estate who is in no way interested in or related to any of the proponents or contestants.

The order of this court is that the judgment of the district court refusing the will to probate be affirmed; that the costs incurred by either or both parties to the will contest be disallowed as a charge against the estate; that any amount incurred by the special administrator in employing counsel in the contest of the will be disallowed as a charge against the estate. Neither party will be allowed costs on this appeal.

CORFMAN, C. J., and WEBER, THURMAN and FRICK, JJ., concur.