IN RE WILCOX' ESTATE

No. 8833.

Submitted January 18, 1949.   Decided January 21, 1949.

201 Pac. (2d) 989.

Cedor B. Aronow, of Shelby, for appellant. Mr. Aronow argued the cause orally.

D. W. Doyle, of Conrad, for respondent. Mr. Doyle argued the cause orally.

MR. JUSTICE BOTTOMLY:

This is an appeal from an order granting letters of administration to Lloyd Baker, public administrator, and refusing to grant letters of administration to Willis D. Wilcox, the son and sole heir of Elizabeth Wilcox, deceased.

The deceased, Elizabeth Wilcox, died intestate at Conrad, Montana, on July 11, 1945, a resident of Pondera county, Montana. The record discloses and there is no dispute as to the fact that Willis D. Wilcox is the son and only heir of Elizabeth Wilcox, deceased; that he is of legal age, a resident of Conrad, Pondera county, Montana, and that the deceased left an estate in said county subject to administration.

The controversy before this court is, which of these two parties is entitled to letters of administration, Willis D. Wilcox, the son and only heir of deceased, or Lloyd Baker, public administrator of Pondera county.

The district court found in favor of the public administrator and granted letters of administration to him. Wilcox has appealed from said order and his main contention upon the merits is that the district court acted contrary to the statute governing the appointment of administrators of estates of persons dying intestate, especially section 10068, Revised Codes of Montana 1935, as amended by Chapter 219, Laws of 1939, which in this behalf reads as follows: "Administration of estate of all persons dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled to preference thereto in the following order:

"1.   The surviving husband or wife, or some competent person whom he or she may request to have appointed.

"2.   The children. * * *

"8.   Public administrators. * * *"

The foregoing statute provides the exclusive and mandatory method for the selection of an administrator. The legislature by such enactment has observed and fixed the long established policy of entrusting the administration of the estate of a deceased person to one who, by reason of his heirship, has a personal interest in the estate rather than to one who is a stranger thereto. The law having fixed the order of priority, under the facts of this case, the court was without discretion to deviate therefrom.

Each such case must stand or fall upon the facts and the applicable law involved therein.

The statutory right to administer an estate is a valuable right and one that may be enforced. That, in effect, is what the appellant Wilcox is attempting in this case. He is asking that his paramount right to administer upon his mother's estate be recognized. The principle involved here is stated in 33 C. J. S., Executors and Administrators, sec. 31, page 921, as follows: "Since the rights of particular persons to administer on the estates of decedents are not inherent, letters of administration must be granted to the persons entitled and in the order prescribed by statute."

"As a general rule, statutes regulating the order in which administration may be granted are mandatory and leave the court no discretion except as between members of a particular class." 33 C. J. S., Executors and Administrators, sec. 34, page 924.

Section 10068 as amended was construed in the case of In re Rohkramer's Estate, 113 Mont. 545, 548, 131 Pac. (2d) 967, 969, wherein this court stated: "The statute provides the exclusive method for the selection of an administrator. * * * The language is plain and unambiguous. It specifies the classes from which the selection must be made and their order of pref-

erence.'' See In re Esterly's Estate, 97 Mont. 206, 209, 34 Pac. (2d) 539; State ex rel. Peel v. District Court, 59 Mont. 505, 514, 197 Pac. 741; Hollingsworth v. Jeffries, 121 Mo. App. 660, 97 S. W. 632.

The Missouri Supreme Court has held that, ''The law fixes the order of priority, and the court can be compelled to follow it by the writ of mandamus.'' State ex rel. Grover v. Fowler, 108 Mo. 465, 18 S. W. 968, 969. And again, ''The rights of a particular person to administer upon an estate of a decedent are matters which are entirely regulated by statute and the court has no discretion whatever in reference to the matter, except that which is expressly given thereby. (Citing many cases.) The only discretion given by the statute that the respondent, special judge, had in reference to the matter was in passing upon the question as to whether Eva C. Fansher was a competent and suitable person to serve as administratrix.'' State ex rel. Fansher v. Guinotte, 227 Mo. App. 902, 905, 58 S. W. (2d) 1005, 1007.

Respondent contends in his brief and on oral argument that appellant has neglected to comply with Rule X of this court, which requires that each specification of error relied upon be separately numbered and set forth. It is conceded that appellant's brief is faulty in such particular and such negligence in the preparation of briefs is not condoned by this court; however, while said rule was not complied with strictly, the appellant did set forth in his brief the error of the trial court on which he relies as follows: ''It is respectfully urged that the court below was in error and abused its discretion in appointing the public administrator * * * contrary to the desires and request of the only child and sole heir of Elizabeth Wilcox deceased.''

Respondent has emphasized and has devoted much of his brief to the fact that the appellant Willis D. Wilcox is disqualified to act as administrator of said estate because he claims to be the owner of all the property of which his mother died possessed. This contention is without merit. In Re Graff's Estate, 119

Mont. 311, 174 Pac. (2d) 216, 219, this court said: "Appellant in his brief quotes extensively from 11 Cal. Jur. and California decisions cited, in support of several general rules affecting the question of incompetency to act as administrator, with which we agree. One principle relied on appears in 11A Cal. Jur., sec. 177, p. 263, as follows: 'The fact that the petitioner for letters claims property adversely to the estate, or is even defending a suit brought against him, on behalf of the estate, does not of itself and without some reference to the honesty of the claim show a want of integrity; nor does the fact that the applicant claims property which it will take an action to decide, or the mere fact that he is alleged to be a trespasser on a part of estate lands; hence the fact that the surviving husband claims the entire estate as his own is not sufficient evidence of want of integrity.'"

Under our statutes of succession property of one who dies without disposing of it by will, passes to the heirs of the intestate immediately subject to administration. Sections 7071, 7072, Revised Codes of Montana 1935, and section 7073, Revised Codes 1935, as amended by Chapter 140, Laws of 1941, the pertinent part of section 7073 being, "If the decedent leaves no surviving husband or wife, but leaves issue, the whole estate goes to such issue; * * *."

The fact that Wilcox claims to be the owner of all the property of the estate of his deceased mother, does not affect his statutory right to administer the estate.

There is no reference in the record of any finding or determination by the trial court or at all of any reason for refusing the granting of letters to Wilcox, no question was raised as to his competency or integrity, and no question but that he was a fit and proper person to administer the estate.

Respondent in his brief contends that Wilcox forfeited his right by not applying for letters at an earlier date, but under the facts in this case and the applicable law, such contention cannot be sustained, for the reason that Wilcox was laboring under the impression there was no estate to administer,

until the application of the public administrator was served and filed.

The order simply recites the petition of Lloyd Baker, the public administrator, together with the objections of Willis D. Wilcox filed thereto and the petition of the said Willis D. Wilcox for the issuance of letters of administration herein to him, having come on regularly to be heard before the court. Then follows the ordinary jurisdictional matters and then the order proceeds: "It is hereby ordered, adjudged and decreed that letters of administration of the estate of said Elizabeth Wilcox, deceased, issue to the said petitioner, Lloyd Baker, as the public administrator of Pondera county, Montana."

It is to be presumed on the record that the petitioner, Wilcox, was a fit, proper and competent person to administer his mother's estate. It follows from what has been said that the appellant is entitled by law to administer the estate.

The order is reversed and the cause remanded with directions to issue letters of administration to Willis D. Wilcox.

Mr. Chief Justice Adair and Associate Justices Angstman, Freebourn and Metcalf concur.