IN THE MATTER OF THE ESTATE OF ELI S. ADKINS, DE-CEASED. LAURA E. DUDLEY, ET AL., APPELLANTS, v. CHES-TER LLOYD JONES, RESPONDENT.

No. 9433.

Submitted December 5, 1957. Decided December 16, 1957.

Rehearing Denied December 31, 1957.

319 Pac. (2d) 512.

Mr. Robert J. Webb, Virginia City, Messrs. Maury, Shone & Sullivan, Butte, for appellants.

Mr. Chester Lloyd Jones, Virginia City, per se, and Mr. Ralph J. Anderson, Helena, for respondent.

Mr. H. Lowndes Maury, Mr. Jones and Mr. Anderson argued orally.

MR. JUSTICE ANGSTMAN:

In this action after the opinion rendered on August 27, 1957, a rehearing was granted and this opinion is submitted for the former one.

This appeal presents the question as to who shall act as administrator of the estate of Eli S. Adkins who died July 9, 1952.

On October 9, 1953, Laura E. Dudley, the Public Administrator of Madison County was appointed administratrix of the estate.

On November 9, she filed a complaint as administratrix against Nellie C. Adkins and others in which she alleged that the inventory and appraisement showed property in the estate valued at $300; that two creditors' claims had been presented to her as administratrix which were allowed and approved by her and the district judge, one for $13,471.05 of Henry Adkins and the other for $979.90 of Fred Brownback; that notice to creditors had been first published October 21, 1953, requiring creditors to present their claims within four months after October 21, 1953; that she is informed and believes that there are other creditors whose claims will be presented before expiration of the four month period; that there is not sufficient money or property in the estate to pay the creditors nor the inheritance taxes; that Eli S. Adkins at some time before his death signed a deed conveying property to his wife, Nellie C.

Adkins, which deed was not filed for record until August 28, 1952. The deed was dated November 4, 1943, and notarized November 29, 1943, before Walter Aitken; that when the deed was signed by Eli S. Adkins he was indebted to Henry Adkins whose claim has been allowed; that the deed was given with the intent to delay and defraud creditors, particularly Henry Adkins, Fred W. Brownback, the State of Montana and the United States in the collection of inheritance taxes; that the value of the land described in the deed exceeded $50,000; that before signing the deed Eli S. Adkins had conveyed to Nellie C. Adkins residential and other property in Pony, Montana, leaving in the estate mining property worth not to exceed $300.

Plaintiff in that action prays that title to, and possession of, the land described in the deed be quieted in her as administratrix and for $3,000 rental alleged to have been collected by defendants since the death of Eli S. Adkins.

Chester Lloyd Jones appeared as counsel for Nellie C. Adkins and two other defendants named in the action by filing a motion to quash service. Nellie C. Adkins caused Chester Lloyd Jones to file a petition on December 4, 1953, to revoke the letters issued to Laura E. Dudley and requesting his appointment as administrator pursuant to the written nomination and request of Nellie C. Adkins on file. Objections were filed by Laura E. Dudley and the creditors.

After hearing, pursuant to notice, the court revoked the letters issued to Laura E. Dudley and granted letters to Chester Lloyd Jones upon filing a bond in the sum of $100. The appeal is from the whole of that order.

Under our statute the surviving wife or ''some competent person whom * * * she may request to have appointed'' has the prior right to administer the estate of her intestate husband. R.C.M. 1947, section 91-1401. And the fact that she asserts a claim to property which others contend belongs to the estate does not render her or her nominee incompetent. State ex rel. Cotter v. District Court, 49 Mont. 146, 140 Pac. 732; In re Blackburn's Estate, 48 Mont. 179, 137 Pac. 381; In re

Wilcox' Estate, 122 Mont. 290, 201 Pac. (2d) 989, and compare In re Rinio's Estate, 96 Mont. 344, 30 Pac. (2d) 803. Likewise the fact that the nominee of the widow may assert a claim against the estate is no ground of disqualification. In re McLure's Estate, 63 Mont. 536, 208 Pac. 900.

In State ex rel. McCabe v. District Court, 106 Mont. 272, 76 Pac. (2d) 634, there is dictum to the effect that, the fact that during the lifetime of the intestate he made conveyances to his wife, which are claimed to have been made for the purpose of cheating and defrauding creditors, does not render the surviving wife incompetent to nominate an administrator. That subject was not involved in that case. The only question there involved was whether the court erred in refusing to appoint relator, the public administrator, as special administrator. What was said regarding the right of the widow to nominate a person to serve as administrator was dictum, and we are inclined to the view that the better rule was declared in the separate opinion of Mr. Justice Morris appearing at page 280 of 106 Mont., at page 638 of 76 Pac. (2d).

However when litigation arises between the widow and the ▮ estate or its creditors, and the estate is insolvent then her interests become so antagonistic to the estate and the creditors that she ought not be appointed executrix or administratrix. The rule under such circumstances was declared by this court in the case of In re Dolenty's Estate, 53 Mont. 33, 161 Pac. 524, 531, where after recognizing the rule that the surviving widow was not rendered incompetent to be appointed executrix because she asserted a claim to property ostensibly belonging to the estate, the court stated "but when the exigencies which have arisen since her appointment have put her in a position so antagonistic to the creditors that she cannot do justice to them and the estate, and at the same time establish her right, she ought to be relieved from her position and some fit person put in her place. She cannot bring an action against herself. Phillips v. Phillips, 18 Mont. 305, 45 Pac. 221. Hence the creditors cannot obtain relief.''

The court further considered the question whether when the widow was disqualified from serving as executrix by reason of asserting rights adverse to the estate which were involved in litigation, she could still appoint some one else to so serve and the court answered in the negative "for the reason that the person selected would more than likely be biased in favor of the adverse claim."

The reasoning of the Dolenty case controls this one. The only difference between the two is that here the exigency—the antagonistic interest—arises before the appointment. We call attention to the case of In re Jones' Estate, 59 Utah 99, 202 Pac. 206, 208, where the supreme court of Utah recommended to the district court that some one be named as administrator who "is in no way interested in or related to any of the proponents or contestants" of the will there involved.

In Farnsworth v. Hatch, 47 Utah 62, 151 Pac. 537, 541, the court after pointing out that a person is not disqualified from serving as administrator or executor by the mere fact that he claims property which is also claimed by the estate, then went on and stated the following exception: "But when the claims of the representative are resisted by the estate, and litigation ensues, then the interest between the estate and the representative may become so conflicting and so serious that it is no longer proper for the representative to remain in office. That such may be the result is very strongly intimated in the decisions just referred to, and it is there suggested that, if such a condition should arise, the courts possess ample power to remove the representative for that reason alone. In re Healy's Estate, 137 Cal. 474, 70 Pac. 455, supra, was an application for removal, the same as here, and although the facts there were clearly insufficient to justify a removal upon the ground of conflicting interests, or otherwise, yet two of the justices dissented.

"Upon the other hand, counsel for the appellants refer us to cases in which the courts have removed administrators or executors upon the ground that their interest conflicted with those of the estates they represented. Among the cases cited upon

that subject are the following: In re Gleason's Estate, 17 Misc. 510, 41 N.Y.S. 418; Marks v. Coats, 37 Or. 609, 62 .Pac. 488; Putney v. Fletcher, 148 Mass. 247, 19 N.E. 370; Mills v. Mills, 22 Or. 210, 29 Pac. 443; Kellberg's Appeal, 86 Pa. 129-133; In re Wallace, 68 App. Div. 649, 74 N.Y.S. 33. In Marks v. Coats, supra, the court in passing upon the question, says:

" 'One whose personal interests are in conflict with his duty as administrator is not a proper person to hold the office'.

"In Putney v. Fletcher, supra, the Supreme Judicial Court of Massachusetts, in the course of the opinion, said:

" 'An executor or administrator is deemed unsuitable when he has any conflicting personal interest which prevents him from doing his official duty'.

"To the same effect are the other cases last above-cited. In the very nature of things such must be the law. The old proverb, 'No man can serve two masters', or, as the Spanish put it, 'He who has two masters to serve must lie to one of them', is as true now as it ever was, and is as applicable in the administration of estates as elsewhere. Indeed, in such matters courts should be very careful to prevent the claimants or creditors from passing upon their own claims, where such claims are being contested. In the nature of things it is not possible for any one to act with perfect impartiality and fairness in a matter in which he claims valuable and important interests." To the same effect is In re Watkins' Estate, 114 Vt. 109, 41 A. (2d) 180, 157 A.L.R. 212; and a long list of cases therein cited, and see In re Estate of Meyers, 130 Cal. App. (2d) 145, 278 Pac. (2d) 471. These cases announce the rule applicable here and condemn the appointment of the widow, or one whom she might nominate.

But counsel for respondent contend that the creditors here are not without remedy because they may proceed under what is known as the Uniform Fraudulent Conveyance Act the same being sections 29-101 to 29-113, inclusive, R.C.M. 1947. That act permits a creditor to bring an action to set aside a fraudulent conveyance. R.C.M. 1947, section 29-109.

R.C.M. 1947, section 29-112, provides: "This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it."

In such an action it is not necessary that the executor or administrator be made a party. Strong v. Texas Co., 70 Colo. 546, 203 Pac. 675; Keaton v. Little, 10 Cir., 1929, 34 F. (2d) 396; Hagwood v. Goff, 208 Ala. 642, 95 So. 21.

Counsel for respondent contends in effect that these sections provide the exclusive method of questioning fraudulent conveyances. With this we do not agree. There is nothing in sections 29-101 to 29-113 that suggests a repeal of sections 91-3209 and 91-3210, R.C.M. 1947, which are special statutes relating to conveyances in the lifetime of a decedent whose estate is in the hands of an executor or administrator and there is a deficiency of assets in the estate to meet the claims of creditors, as here.

If we assume that proceedings may be had under sections 29-101 to 29-113, still there are principles of law that justify a resort to sections 91-3209 and 91-3210. By so doing a multiplicity of actions would be avoided and one creditor would not be given an advantage over others equally entitled.

Hence though it be assumed that the executor or administrator is not a necessary party to an action seeking to set aside an alleged fraudulent conveyance of the decedent, he is a proper party and the creditors have the right to resort to sections 91-3209 and 91-3210 and cause the executor or administrator to commence and prosecute such an action.

Since as above-noted the widow could neither serve as administratrix nor appoint another to so act, and Laura E. Dudley being a competent person, the court erred in revoking the letters issued to her and in granting letters to Chester Lloyd Jones.

The order appealed from is reversed and the cause remanded with directions to set aside the order revoking the letters issued to Laura E. Dudley and granting letters to Chester Lloyd Jones, and to enter an order reinstating Laura E. Dudley as administratrix.

MR. CHIEF JUSTICE HARRISON, MR. JUSTICES CASTLES and ADAIR, and THE HON. DEAN KING, District Judge sitting in place of MR. JUSTICE BOTTOMLY, concurring.