IN THE MATTER OF THE ESTATE OF ALFRED HER-
BERT TICE, Deceased, EDNA JOSIE PETERSON, Peti-
tioner for Removal of Administratrix With Will An-
nexed, Appellant, v. JENNIE TICE, Administratrix With
Will Annexed, Respondent.

No. 10341.
Submitted December 6, 1961. Decided January 5, 1962.
367 P.2d 771.

Wm. R. Taylor (argued orally), Deer Lodge, Malcolm Mac-
Calman, Deer Lodge, Robert J. Boyd (argued orally), Ana-
conda, for appellant.

Harold L. McChesney (argued orally), Philipsburg, Wade
J. Dahood (argued orally), Anaconda, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the
Court.

This is an appeal from an order refusing to remove an ad-
ministratrix with will annexed.

The petition for revocation of letters testamentary was by a
legatee under the will of Alfred Herbert Tice, who died Janu-
ary 10, 1959. The administratrix with will annexed herein-
after will be referred to as the administratrix. The administra-
trix is the widow of the deceased testator. Deceased left a will
which named the Flint Creek Valley Bank as executor. The

Bank declined to act. On the same day, the widow filed her petition for probate of the will. Under its terms she was to receive one-third of the estate with the balance to go to other named legatees. The widow was appointed administratrix on February 24, 1959. She filed an approved surety bond in the amount of $34,000.00.

On March 24, 1959, and before the filing of the inventory and appraisement, the administratrix, after petition and hearing, was awarded $250 per month for a widow's allowance until further order of the court. The petition for widow's allowance was filed asserting that the estate had a probable value of $65,000 and an annual income of $4,000.

On May 5, 1959, inventory and appraisement was filed listing assets in the amount of $49,420.23, which included real estate valued at $24,050.00 and personal property valued at $25,370.23. By the terms of the will, the widow was to receive one-third of the net estate. The specific legacies total $32,500. On December 28, 1959, the widow renounced the will and elected to take her dower and/or legal share of the estate.

On October 1, 1959, the administratrix petitioned for approval of certain necessary repairs made to a dwelling house, as estate property, in the month of July, 1959. Notice of hearing was given, no objections were filed, and the court confirmed the expenditure of $2,343.10 for repairs to the dwelling house.

On April 25, 1960, the administratrix filed a second petition requesting confirmation of repairs made to the same dwelling between August and December, 1959. Objections were filed and after hearing, the court allowed certain costs in the amount of $980.15, disallowing $1,099.18. This order was made on January 13, 1961. On January 24, 1961, one of counsel for appellant, a legatee, filed written objections to the court's order of January 13, 1961, which had allowed part of the costs of repairs. These objections were never passed upon by the probate court. Then, on March 14, 1961, appellant petitioned for removal of the administratrix. Hearing was had on this

petition for removal on April 4, 1961, at which time counsel for the administratrix filed objections to the petition for removal and stated that all final reports in the estate were prepared and ready for filing.

The administratrix, during all the time of the administration, was attempting to collect debts due the estate and was attempting to find buyers for certain portions of real property so that the payment of legacies under terms of the will could be made.

In July of 1960 she filed a petition for an order to sell part of the real property. On August 2, 1960, objections to the petition for sale of real property were filed on behalf of one legatee. After stipulation of respective counsel, sales were made and confirmed on the basis that the change in character from real property to personal property would not affect a change in the distribution of the estate.

Finally, on April 21, 1961, the court entered its order denying the petition for removal of the administratrix and ordered the filing of final accounting and other matters to place the estate in a condition to be closed.

It is from this order denying the petition for removal of the administratrix that the appeal is taken, and the single specification of error goes to that order.

The petition for removal alleges that [the administratrix] "has purposely delayed terminating the administration of said estate in order that she may consume and have for her sole use and benefit the whole of the estate and thus deprive the legatees and distributees named in the Last Will and Testament of the decedent of their interests therein, and to exclude them from any share therein."

At the hearing the only evidence adduced bearing on the issue was from the administratrix who testified generally that she had done everything she could to properly conserve the estate and pay the legacies. But, appellant asserts that the

probate file, without more, reveals sufficient proof to cause the removal of the administratrix.

In the probate file, it is averred in counsels' petition in opposition to the removal:

"That as to the automobile made the basis of opposition in the Petition for Removal the said Administratrix can prove by clear and convincing evidence that said automobile was purchased by the decedent for her as a gift and this gift is subject to proof by independent testimony and as a consequence the said automobile is not an asset of the said estate."

The petition for removal had alleged that there was a failure to dispose of depreciating property consisting of an automobile. In the inventory and appraisement the automobile was referred to as follows:

"One (1) new 1959 * * * sedan * * * purchase price $2,355.00 (Deceased entered into a contract for purchase of the above-described automobile prior to date of death. Vehicle purchased with monies from the estate account. Cash inventoried as of date of death.) Therefore, value of automobile is not included in appraisement of estate."

Of course, it immediately appears from this and from the creditor's claim, showing the automobile purchase, that there is a question as to accountability and ownership of the auto. However, opportunity for questioning the final accounting remains. It should be noted that no attempt to conceal is either charged or apparent.

The appellant asserts such a conflict of interest appears, yes, even more an adverse and hostile position to the legatees, that she should be removed. For this assertion, in addition to the claim to the auto, appellant also groups the matter of claiming repairs to the dwelling and the disallowance of part of the claim, as well as sale of the real property and the renunciation under the terms of the will by the widow as factors showing such an adverse interest as to cause removal.

As previously set forth, the administratrix testified at the hearing. These things can be stated, as to her testimony:

1. She did not take any action without consulting her attorney, and attended to all affairs of the estate as she was instructed by her attorney.

2. The legacies could not be paid because there was not enough money in the estate.

3. None of the assets have been lost or injured by delay.

4. She has done all she can to properly carry out her duties.

5. She received her widow's allowance until her attorney told her she was no longer entitled to it.

6. She has taken proper care of all the estate property and has abided by the court's orders.

7. She has the automobile, has reported its purchase details.

8. She has not filed an accounting because she left it to her attorney to prepare.

9. She has prepared a final account, inheritance tax reports and petition for distribution and is prepared to file them.

10. She is bonded for $34,000.

From this showing can it be said that the evidence clearly shows her retention in office will jeopardize the interests of the estate? Appellant argues that even so, the probate file shows the matters heretofore mentioned to be such a conflict of interest as to require removal.

For this position In re Rinio's Estate, 93 Mont. 428, 19 P.2d 322, is cited. In that case, one Kester was appointed to be special administrator of each estate of partners, who died simultaneously. Kester carried on the partnership business "as if the business were his private affair." Our court applied section 10068, R.C.M.1921, now section 91-1401, R.C.M.1947, which prohibits a member of a partnership from being appointed administrator of the estate. The special administrator was administrator of *each* partner's estate. In addition, the opinion in that

case reveals many irregularities and failures to comply with the statutes plus the fact that an accounting was necessary between the partners.

The court at p. 436 of 93 Mont. at p. 325 of 19 P.2d said in its opinion:

"Here we find one person acting at the same time in three capacities; exercising a power akin to that of a surviving partner, and carrying on the administration of the estates of the two men who composed the partnership. To this situation the reasons against the service of a surviving partner as administrator of his deceased partner's estate apply with special force. The time was sure to come when, to say the least, it would be difficult, if not practically impossible, for Mr. Kester to discharge with impartiality his assumed function of carrying on the partnership business, and his duties as administrator of the two estates."

In discussing the application of the statutory prohibition against a partner acting as administrator of the other partner's estate, this court in the Rinio case at p. 435 observed:

" * * * The law does not look with favor upon the administration of estates by a person where conflicts in the performance of his duty are likely to arise."

The court in In re Rinio also said:

" * * * We have hitherto pointed out the necessity of obeying statutory commands where persons have in charge the sacred trust of administering the estates of the dead. In re Jennings' Estate, 74 Mont. 449, 241 P. 648. Diligence and careful attention must be given to all essential details in the matter of the settlement of estates of deceased persons, and the court should hold administrators to the strictest compliance with the law governing their official transactions. Schneeberger v. Frazer, 36 Idaho 737, 213 P. 568. As was said In re Holladay's Estate, 18 Or. 168, 22 P. 750, 752: 'Under our probate system the duties of an executor or administrator are active, and not passive. He cannot be permitted to neglect to do those things

which are plainly required at his hands by law or the order of the court, and, when complaint is made of such neglect, excuse himself by alleging that such delay or omission was for the benefit of the estate.'

"We do not intend to say that administrators should be removed merely because they have failed to make reports within the time prescribed by statute, provided it is made to appear that no harm has come to the estate or those interested therein because of the delay, but the court should insist upon compliance with the statutes. See In re Connolly's Estate, 73 Mont. 35, 235 P. 408. The court in the exercise of its discretion could have removed Mr. Kester as administrator of the Rinio estate because of his failure to comply with plain statutory requirements, without any reflection upon his integrity or good faith, or could have done so upon the ground of conflicting interests which in legal effect rendered him incompetent to serve. Instead, the court permitted the condition then shown to continue, and, in so doing, erred."

This court in Dudley v. Jones, 133 Mont. 27, 319 P.2d 512, 513, in discussing the general problem had this to say:

"Under our statute the surviving wife or 'some competent person whom * * * she may request to have appointed' has the prior right to administer the estate of her intestate husband. R.C.M.1947, § 91-1401. And the fact that she asserts a claim to property which others contend belongs to the estate does not render her or her nominee incompetent. State ex rel. Cotter v. District Court, 49 Mont. 146, 140 P. 732. In re Blackburn's Estate, 48 Mont. 179, 137 P. 381; In re Wilcox's Estate, 122 Mont. 290, 201 P.2d 989, and compare In re Rinio's Estate, 96 Mont. 344, 30 P.2d 803. Likewise, the fact that the nominee of the widow may assert a claim against the estate is no ground of disqualification. In re McLure's Estate, 63 Mont. 536, 208 P. 900. * * *

"However when litigation arises between the widow and the estate or its creditors and the estate is insolvent then her inter-

ests become so antagonistic to the estate and the creditors that she ought not be appointed executrix or administratrix. The rule under such circumstances was declared by this court in the case of In re Dolenty's Estate, 53 Mont. 33, 161 P. 524, 531, where after recognizing the rule that the surviving widow was not rendered incompetent to be appointed executrix because she asserted a claim to property ostensibly belonging to the estate, the court stated 'but when the exigencies which have arisen since her appointment have put her in a position so antagonistic to the creditors that she cannot do justice to them and the estate, and at the same time establish her right, she ought to be relieved from her position and some fit person put in her place. She cannot bring an action against herself. Phillips v. Phillips, 18 Mont. 305, 45 P. 221. Hence, the creditors cannot obtain relief.' "

It is said in 2 Bancroft's Probate Practice, 2d ed. § 294, p. 184, that:

An administrator "should not be removed except for good and sufficient cause, and unless it clearly appears that his retention in office will jeopardize the interests of the estate."

Also 2 Bancroft's Probate Practice, 2d ed., § 294, 1960 Pocket Supplements, p. 22, adds the following principles:

"An order of removal of an executor is harsh and severe; and irregularities not directly harmful in the management of the estate will be overlooked. If the court can readily remedy a matter of the complaint, no removal will be ordered. The misconduct must be willful.

"The hostility of the executor to the will must be such in character as to prevent proper management of the estate, in order to be a cause for his removal. Mere friction between him and the beneficiaries under the will is no ground for his removal. His removal rests in the sound discretion of the trial court."

We recognize that there may be a difference between an

executor and an administrator with will annexed. But, the general principles apply.

Applying the rules from the foregoing cases and authority to the instant case we find that there is not a sufficient showing of delay, neglect or mismanagement in the administration of the estate as to move the discretion of the probate judge.

The only matter appearing from the probate file or the hearing had on the removal which causes any difficulty is whether or not the claim to the automobile is such an exigency, which has arisen since the appointment of the administratrix, that it has put her in a position so antagonistic to the creditors and/or legatees that she cannot do justice to them and the estate.

First of all we are not dealing with creditors. In that regard the probate file reveals all creditors' claims paid.

Additionally as previously observed, the automobile was shown on the inventory and appraisement. In other words, no concealment or attempt to hide. Then, too, it is made to appear from the probate file that the deceased traded in an automobile and contracted for purchase of the new auto *prior* to his death. The administratrix alleges proof of a gift can be made from independent evidence. It is true that this issue will have to be settled, but it does not seem to be of such character as to cause such an antagonistic claim as to defeat the proper administration of the estate.

The only affirmative evidence produced by the appellant was that the estate was improved by delay in that an effort was made to collect promissory notes and sell real property so as to provide cash to pay and protect the legatees. We think, too, that of significance in each of the complained of situations, viz., the auto transaction, the dwelling repairs, the renunciation of the will, the sale of the real property, and the widow's allowance, all of which appear in the probate file, is that no fraud on the court is apparent. All of the matters were sub-

mitted to the court and opportunity was had or still remains for protest and ruling by the court.

We find then that the appellant has not carried the burden of proof (see In re Kostohris' Estate, 96 Mont. 226, 29 P.2d 829) required to show that waste, mismanagement and wrongful neglect has resulted to the estate sufficient to require us to reverse the probate court's order.

The order appealed from is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON concur.