MR. JUSTICE HUNT,
dissenting:
I dissent. In this case the testator chose the personal representative of his estate. That act should not be annulled by this Court except under the most extreme circumstances.
“An order of removal of [a personal representative] is harsh and severe; and irregularities not directly harmful in the management of the estate will be overlooked. If the court can remedy a matter of the complaint, no removal will be ordered.”
Tice’s Estate v. Tice (1962), 140 Mont. 28, 367 P.2d 771, 774-775.
In this case, I agree with the District Court that there has been certain technical omissions, but there is no evidence of fraud, gross carelessness, or even indifference to duty. The District Court sympathized with the beneficiaries and heirs who are frustrated with the long wait, but noted that given the problems confronting the personal representative in this difficult estate, it was not shown that the estate could have been administered otherwise. The District Court held the personal representative’s plan to sell the ranch land to pay the debts of the estate is the only feasible alternative although it is not what the heirs prefer. The District Court took the only steps available to complete the administration of this estate. This Court’s action now transfers all of the problems to a new administration, not of the testator’s choosing, which has the same problems as the prior administration with no clear solution available to them.
I do not believe the District Court abused its discretion in these findings of fact and conclusions of law. The judgment of the District Court should be affirmed.
MR. JUSTICE SHEEHY concurs in the above dissent.