GLAVIN, RESPONDENT, *v.* LANE, APPELLANT.

(No. 1,685.)

(Submitted October 16, 1903.    Decided December 4, 1903.)

*Appeal—Jurisdiction of Appellate Court—When Attaches—Authority to Hear and Determine — Record on Appeal—Essential Requisites—Lack of Judgment Roll—Dismissal of Appeal.*

1.  Where a notice of appeal has been duly filed and served, and a bond has been filed according to law with the clerk of the district court, that court is ousted of jurisdiction, and jurisdiction over the appeal is in the supreme court.

2.  Although the supreme court has jurisdiction of an appeal after notice and bond have been properly filed and served, yet, under Code of Civil Procedure, Section 1736, providing that on appeal from a final judgment appellant must furnish a copy of the notice, judgment roll, and any bill of exceptions or statement of the case, where the record is defective in any of these particulars, the appeal cannot be heard and determined.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

ACTION by Mary Glavin against Gib A. Lane.  From a judgment for plaintiff, defendant appeals.  Dismissed.

*Mr. Gib. A. Lane,* for Appellant.

*Mr. W. M. Johnston,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This appeal is from a judgment in favor of the plaintiff and against the defendant.  There is not any judgment roll in the record.  In *Featherman et al.* v. *Granite County,* 28 Mont. 462, 72 Pac. 972, it is held that under Section 1736 of the Code of Civil Procedure, providing that on appeal from a final judgment appellant must furnish the court with a copy of the notice

of appeal, judgment roll, any bill of exceptions or statement of the case, the presence of a copy of the judgment roll in the record is jurisdictional, and without it the court cannot consider any question on the appeal. A most important question of practice was passed upon.

In the case now before us on appeal counsel for respondent, relying upon the *Featherman Case,* above referred to, on the hearing suggested want of jurisdiction for lack of a judgment roll, and moved the court to dismiss the appeal for want of such jurisdiction.

Either the district court or the supreme court has jurisdiction of this appeal, a notice of appeal having been duly filed and served, and a bond on appeal having been properly filed according to law in the office of the clerk of the district court. The district court has not jurisdiction, it having been ousted by the filing of the bond and the filing and serving of the notice of appeal; *ergo,* the supreme court has jurisdiction. The case is not suspended in the air; the *Featherman Case* is not authority for such a conclusion. This court may have jurisdiction of an appeal, but, perhaps, the record may not be made in manner and form as required by the statutes to which appellate jurisdiction is subject, and which have been enacted as provided by the Constitution (Article VIII, Sec. 3); in such a case the court may not proceed to hear and determine the case on the appeal of which it has jurisdiction. It cannot do so lawfully. A court has jurisdiction of a cause while a demurrer to the complaint is pending and undetermined, but it may not and cannot try the cause on its merits until after the demurrer has been disposed of. So this court, having jurisdiction of an appeal, may not proceed to hear and determine the appeal until the essential parts of the record are completely furnished in manner and form declared in the *Featherman Case* to be necessary.

The appellant in this case had a right at any time to suggest a diminution of the record, and to ask or force the clerk of the district court to complete the record. In the *per curiam* order in the *Featherman Case* this court itself suggested diminution

of the record, and offered leave to amend to numerous parties whose causes were pending upon appeal in this court, but in which the record had not been made in accordance with the provisions of said Section 1736, in that they had not any judgment roll in them. The appellant has not during the many months that this appeal has been pending seen fit to suggest the diminution of the record, or, after the suggestion made by this court in the *Featherman Case* in July last, to offer to amend his record, and put before us those papers which, under Section 1736, *supra,* are necessary for us to have in order that we may examine and determine the case on appeal.

Therefore the only thing that can be done in this case is to dismiss this appeal, not because the court has not jurisdiction to entertain it, as suggested by counsel, but because it has not before it the record which is essential under the law before we can pass upon the merits of any of the points raised in the brief of counsel.

In so far as the views expressed in the *Featherman Case* conflict, directly or inferentially, with the conclusions herein stated, the opinion in that case is modified.

*Dismissed.*

Motion to reinstate this appeal denied January 16, 1904.