STATE EX REL. COTTER ET AL., RELATORS, *v.* DISTRICT COURT OF SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 2,303.)

(Submitted June 5, 1906.  Decided June 27, 1906.)

*Certiorari — Probate Proceedings — Executors — Objections to Final Account—Appealable Orders.*

*Certiorari*—Probate Courts—Executors—Objections to Final Accounts.
  1.  *Certiorari* does not lie to review the action of the district court, while sitting in probate, in granting a motion to strike out objections to the final account of an executrix and to a petition for distribution of the estate.

Appealable Orders—Probate Proceedings.
  2.  Under section 1722 of the Code of Civil Procedure, as amended by Act of 1899 (Laws 1899, p. 146), an order granting a motion to strike out objections to the final account of an executrix and to a petition for distribution of the estate, is not appealable.

Probate Proceedings—Erroneous Orders—Appeal.
  3.  *Obiter:* An erroneous order of the district court, while sitting in probate matters, settling the account of an executrix and directing distribution of the estate, may be reviewed on appeal, and on such appeal an error alleged to have been committed in striking out objections to the granting of the order might be considered.

ORIGINAL application by the state on the relation of John R. Cotter and another, for writ of review to annul an order of the district court of the second judicial district and Honorable Michael Donlan, a judge thereof.     Dismissed.

*Mr. C. M. Parr,* and *Mr. G. J. Langford,* for Relators.

*Mr. John J. McHatton,* for Respondents.

MR. JUSTICE MILBURN delivered the opinion of the court.

Application for writ of review.     John W. Cotter died on the twenty-ninth day of July, 1903, leaving an estate in Silver Bow county.     His wife, Catherine, survived him.     He left no issue by his wife.     Letters testamentary were issued to the widow September 1, 1903.     She was the sole beneficiary under the will.     On January 4, 1905, the executrix filed a final account showing that there had been $70,000 received and $20,-606.93 expended, and asking that the balance be set over to her as the sole beneficiary.

On the thirteenth day of February, 1905, two minor children, called John R. Cotter and Vivian Anna Cotter, alleged to be the illegitimate children of the testator, appeared by their mother, Ada Cavelle, and prayed for the appointment of C. M. Parr, Esq., as attorney for the children in the probate proceedings. The court appointed Mr. Parr attorney as prayed.     On the thirteenth day of February, 1905, the children, by the appointed attorney, filed their objections to the final account and petition for distribution.     The widow, appearing in *propria persona* and as executrix, moved on February 23, 1905, to strike out the objections made by the children, giving her reasons at length.

The court answers that testimony was taken on the hearing of the motion to strike the objections, and that it appeared that there was not any writing produced to prove that the deceased had ever acknowledged the children as his.

Thereafter, on March 4, 1905, these matters all came on for hearing, and on the ninth day of April of the following year

the court made its order granting the motion to strike out the objections to the final account and the petition for distribution. The children, by their attorney, now in their petition for review declare that the court and judge thereof in granting the motion to strike out their objections exceeded jurisdiction, and further say that there is not any appeal from said order, and that they have not any plain, speedy or adequate remedy. It is true that there is not any appeal provided by law from such an order. (Session Laws, 1899, p. 146, sec. 1722, subsec. 3.)

Did the court exceed its jurisdiction or act without jurisdiction? The review upon the writ invoked in this matter cannot be extended further than to determine whether the court below regularly pursued its authority. (Code Civ. Proc., sec. 1947.) The motion to strike the objections came regularly before the court. It was considered, and the duty of the court was to grant or deny. In granting the motion it may have done wrong. But the question as to whether or not the court erred in granting the motion cannot be inquired into in *certiorari* proceedings.

An order to show cause why the writ should not issue was made by this court. If the court below should make an erroneous order settling the account of the executrix, or should err in directing distribution, an appeal may be taken, and on such appeal, the error, if any, as to the striking of the objections, might be considered. Whatever remedy the complaining party may have, it is not by writ of review.

Order to show cause quashed, and proceedings dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE HOLLOWAY: I agree with what is said above. I am of the opinion that relators may have relief by *mandamus.* (*Raleigh* v. *First Judicial District Court,* 24 Mont. 306, 81 Am. St. Rep. 431, 61 Pac. 991.)