This is an appeal from an order granting letters of administration to Gustav H. Mertz and refusing to grant letters of administration to Anna Conlon, the public administrator.
The deceased, Pauline Rohkramer, died intestate at Missoula on[1] the 3rd day of November, 1941. Prior to her death, having no relatives in this country and being of an advanced age, she asked the Reverend Gustav H. Mertz, a friend, to be her administrator. She was advised by Mertz and his attorney that she should make a will. However, she did not want a will and went no further than to execute the following instrument:
"To Whom It May Concern:
"In case anything happens to me, I, Pauline Rohkramer, of Missoula, Montana, appoint Rev. Gustav H. Mertz, Missoula, Montana, to be my administrator to settle my estate.
"Signed this 6th, sixth, day of November, in the year of our Lord nineteen hundred and thirty nine (1939).
"Pauline Rohkramer Seal."
The controversy before this court concerns the petitions for letters of administration of Mertz and Anna Conlon, the public administrator. Both claim the right to be the administrator. Mertz bases his claim upon the fact that Pauline Rohkramer requested his appointment, and Anna Conlon claims by virtue of her being the public administrator. The district court found in favor of Mertz and granted letters of administration to him.
The public administrator has appealed and her main contention upon the merits is that the district court acted contrary to the statute governing the appointment of administrators of estates of persons dying intestate. That section is 10068, Revised Codes, and is as follows:
"Administration of estate of all persons dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to *Page 548 
administer only when they are entitled to succeed to his personal estate, or some portion thereof, and they are, respectively, entitled therein in the following order:
"1. The surviving husband or wife, or some competent person whom he or she may request to have appointed.
"2. The children.
"3. The father or mother.
"4. The brothers.
"5. The sisters.
"6. The grandchildren.
"7. The next of kin entitled to share in the distribution of the estate.
"8. The public administrator.
"9. A creditor.
"10. Any person legally competent.
"If the decedent was a member of a partnership at the time of his decease, the surviving partner must in no case be appointed administrator of the estate."
The public administrator argues that Mertz qualifies under subsection 10 of the statute, and that she, as public administrator, qualifies under subsection 8, which gives her preference to the letters of administration. It is admitted that Mertz, without the aid of the instrument requesting him to be administrator, would have to show authority for his appointment under category 10.
The precise question before us is the effect of the nomination of an administrator by a person dying intestate. There have been no cases cited to us wherein this question has been litigated, and we are unable to find any. We must, therefore, construe the language and intent of our statutes without the aid of prior decisions.
The statute provides the exclusive method for the selection of an administrator. (Sec. 10068, Rev. Codes.) The language is plain and unambiguous. It specifies the classes from which the selection must be made and their order of preference. The statute does not provide for nor contemplate the nominee of *Page 549 
an intestate as one of those classes. Were this court to affirm the district court, we would in effect write into the statute a category which was not within the contemplation of the legislature, and at the same time decide what priority to give it. We cannot do this. The enlargement of the scope of this section is exclusively within the realm of the legislative branch of the government.
The public administrator has also contended that the court erred in acting in the cause after an affidavit of disqualification was filed. In view of what we have said above, this question becomes unnecessary to the decision.
The order is reversed and the cause remanded with direction to issue letters of administration to Anna Conlon, the public administrator.
MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON and MORRIS concur.
MR. JUSTICE ANGSTMAN takes no part in the foregoing decision.