In Re ZECH'S ESTATE

TESCH, et al, Appellants, v. WATSON, Respondent

(20 N. W.2d 229.)

(File No. 8775.   Opinion filed October 19, 1945.)

**C. R. Jorgenson** and **J. G. McMcFarland,** both of Watertown, for Appellants.

**D. K. Loucks,** of Watertown, for Respondent.

RUDOLPH, J. In this action attempt is made to have established as the holographic will of Dorothy E. Zech, deceased, a letter or note written on a Christmas card and mailed to the appellants, Charles Tesch and Mary Tesch. The material facts are without dispute and are stated in their chronological order in the memorandum opinion of the trial court as follows:

"Dorothy E. Zech and her husband Herman for about 15 years lived in Codington County. Herman Zech died in 1939. They had no children. Herman Zech, on his side of the family had a nephew, Charley Tesch. Charley Tesch was a farmer in Codington County and with his wife Mary and family maintained most friendly relations with the Zeschs. Mrs. Zech had a niece, Mrs. Nellie Watson of Des Moines, Iowa, with whom she maintained most cordial relations. Herman Zech had inherited from his father a half section of land in Codington County known and clearly identified as 'Herman's farm.' Dorothy E. Zech inherited it and owned it at the time of her death. On February 26, 1942 Dorothy E. Zech wrote a letter, Exhibit 4, to Mary Tesch, saying, among other things, 'Well Mary, I wanted to tell you and Charley, I wouldn't be in too big a hurry to buy a farm, because when I die Herman's farm will be yours. I will never sell it and there isn't anyone I would want to have it but you, and that would be the way Herman would want it. I have the papers all made out that way, and am going to have a deed made so you will not have to pay taxes —(inheritance taxes). Of course I am not dead yet, but I don't feel so good this winter. I was awful sick in December. Had a nurse for two weeks. I almost had pneumonia. * * * Now Mary don't say anything about this to anyone. I just wanted you and Charley to know. I have sure spent a lot of money on the place since Herman died, & I will have to do some more. I can't bear to have it not kept up. I am going out to it by May. I want to raise some turkeys. Would rather be there than in town. (signed) Dorothy Zech.'

"In January 1943 Dorothy E. Zech married one Frank Martin. She entered into a partnership contract with him for joint operation of the farm. Bitter feeling soon developed between them. In April 1943 she brought suit for seperate maintenance, and later dismissed that action. Frank Martin brought suit against Dorothy Zech for an accounting on July 2, 1943 and sought the appointment of a receiver. On July 22, 1943 Dorothy E. Zech Martin made a formal will, Exhibit 1, prepared by her attorney D. K. Loucks who also represented her in the litigation then pending with her husband. By this will she disinherited her husband and her brother. She made specific legacies of $100 to the Order of the Eastern Star, $1000 to a niece in Missouri, $1000 to a niece in Arkansas and bequeathed to her niece Mrs. Nellie Watson of Des Moines the remainder of her property, appointing her executrix. She revoked all wills theretofore made. This will made no mention of Charles and Mary Tesch, and contained no specific allusion to 'Herman's farm'. Dorothy Zech, at the time, and at the time of her death, owned Herman's farm, a residence in Watertown, and had money in bank and invested in bonds.

"On August 24, 1943 Dorothy Zech Martin brought suit against her hsuband for divorce.

"On September 23 a judgment was entered in the receivership action requiring that Dorothy pay a certain sum of money to Mr. Martin.

"On November 19, 1943 Dorothy Zech was granted a decree of divorce from Mr. Martin.

"On December 20, 1943 Dorothy Zech sent to Mary Tesch a Christmas card, Exhibit 6. It is a card so folded as to have on page 1 a picture and the word 'Greetings'. On page 2 is printed a verse from James Russell Lowell. On the third page is printed 'To wish you every happiness at Christmas and thruout the New Year'. Following this appears the signature Dorothy E. Zech (whose former name had been restored to her in the divorce proceedings.)

"On the last or 4th page, originally blank, appears in the handwriting of Dorothy E. Zech the following, 'Dec. 20 —1943. Dear Mary—It has been so long since I saw you! I have been planning to come out. I haven't been a bit well

this winter—I've been through so much—I don't know what to do. I want you to know Herman's farm will be yours when I die—The papers are all made out so you won't have to pay any tax, etc.—I've changed some of my plans so don't say anything—I just wanted you & Charley to know. Love to you all.' This page is not signed. The only signature on the document is on the preceding page following the printed Christmas greeting. By page I refer to pages of the paper as folded. There is only one sheet of paper and all of the printing and writing is on one side of it. That sheet was folded by the manufacturers with the top half turned down then the left half folded to the right, so as to make the four pages referred to.

"Dorothy E. Zech died on April 5, 1944. The niece, Nellie Watson had been summoned and arrived at about the time of her death. She immediately took charge of Mrs. Zech's affairs and had access to her papers. The Teschs have never been able to produce any deed of conveyance of Herman's farm to them. Mrs. Watson denies that any such papers were ever found in the effects of Dorothy Zech, or elsewhere. Mrs. Watson offered the formal will for probate. Mary and Charles Tesch offer for probate the Christmas card letter Exhibit 6, contending that it is a holographic will, at least so far as Herman's farm is concerned, later in date than the formal will and to be treated as a codicil to the formal will."

The county court rejected the alleged holographic will and admitted the formal will to probate. On appeal to the circuit court the alleged holographic will was also denied probate, and the Teschs have now appealed to this court. The circuit court determined that the note written on the Christmas card by Dorothy E. Zech, in so far as it referred to a disposition of property, was a statement made by way of information only and did not disclose a present intent on her part to dispose of property. The court's Finding of Fact number IX is as follows:

"That at the time of writing the letter which is set out in Finding of Fact Numbered VI herein, (letter of February 26, 1942) there was no intention on the part of the said Dorothy E. Zech that said letter should be or constitute a

will or last will and testament, and likewise, at the time of writing what was written on the Christmas card as set out in Finding of Fact Number VIII herein, there was no intention on the part of the said Dorothy E. Zech that such writing should constitute a will, last will and testament, or a codicil to any existing will; that there was no testamentary intent on the part of the said Dorothy E. Zech at the time of writing either the letter or the words on the Christmas card hereinabove referred to."

There is apparently no dispute in the authorities that a letter which complies with the formalities required by statute, either as an attested or holographic instrument, and which is testamentary in character, is valid as a will, irrespective of its informal character. 28 R. C. L. 113. It is axiomatic that to be a will the letter must be testamentary in character and must be executed with animus testandi. Little help is to be found in a consideration of the facts of other adjudicated cases. Whether an instrument is testamentary in character is dependent upon the intention of the alleged testator, and it follows that each case must be considered separately on its own facts. This intention must be determined in the light of the words used in the writing, and any extraneous circumstances bearing upon the question of intention. In re Hoisington's Estate, 67 S. D. 280, 291 N. W. 921. See also cases collected in the annotations appearing in 54 A. L. R. 917 and 117 A. L .R. 1327. The trial judge in his memorandum opinion stated.

"Clearly Dorothy Zech did not intend either her letter of February 26, 1942, Exhibit 4, or the Christmas card letter of December 20, 1943, Exhibit 6, in themselves, separately or jointly, to operate as a will. In both documents she referred to other papers, which were to effect the transfer of title in such a manner that Charles and Mary Tesch would acquire the farm without the necessity of paying an inheritance tax. It was by these other papers referred to; presumably the deed referred to in Exhibit 4, that she expected to accomplish the transfer. * * *

"In my opinion, Exhibit 6, like Exhibit 4, is merely an expression of the then intention of the writer to accomplish the transfer of Herman's farm to the Teschs by means other

than the instruments conveying the information, Exhibits 4 and 6."

We concur in these views of the trial court. We think it clear that the Christmas card note by its own language dispels any possibility that Dorothy Zech intended this note to operate as a posthumous disposition of the property. The extraneous circumstances disclosed by this record confirm this conclusion. As pointed out by the trial court the letter of February 26, 1942, indicates that it was the intention of Dorothy Zech to deed the property to the Teschs rather than dispose of it by an instrument testamentary in character. From the record it further appears that Mrs. Zech was a capable, intelligent woman. She had made the formal will only a few months before writing this Christmas card, and the fair inference from all the testimony is that she understood to constitute a will it must be intended that the instrument itself make a disposition of property. Viewed in the light of these circumstances we believe it clearly appears that the statements made in the Christmas note with reference to Herman's farm are by way of information only.

The judgment appealed from is affirmed.

All the Judges concur.

WALL, Circuit Judge, sitting for POLLEY, J.