IN THE MATTER OF THE ESTATE OF CHARLES HANSEN, DECEASED. INGA HANSEN, EXECUTRIX AND APPELLANT, *v.* FLOYD V. HANSEN, PETITIONER AND RESPONDENT.
No. 9463.
Submitted March 9, 1955. Decided June 3, 1955.
Rehearing Denied June 28, 1955.
284 Pac. (2d) 1007.

Hansen, Jones & Culver, Baker, for appellant.

Young, Martin & Young, Baker, for respondent.

Mr. Al Hansen argued orally. Respondent submitted on brief.

MR. JUSTICE DAVIS:

Appeals from orders denying a motion to strike from the files and settling a final account in probate.

Charles Hansen died testate on January 31, 1951, at Baker, Montana. On June 22, 1951, by order dated June 15, 1951, two writings were admitted to probate in the district court for Fallon County as the decedent's last will, and a son, Floyd V. Hansen, was appointed executor, letters testamentary to issue to him upon qualifying and giving a bond in the sum of $1,500.

On August 13, 1951, and before letters were issued to the son, an appeal to this court was perfected from this order by one Inga Hansen, the decedent's widow. On March 23, 1953, this appeal was sustained; the lower court was reversed. By that reversal inter alia the appointment of Floyd V. Hansen as executor was vacated. See In re Hansen's Estate, 126 Mont. 522, 254 Pac. (2d) 1073.

Subsequently consistent with our decision the lower court appointed Inga Hansen the executrix of her husband's will. Promptly she qualified and entered upon the administration of the estate. In the meantime, however, and on January 9, 1952, the son had taken letters testamentary under the order of June 15, 1951, and thereafter pending the determination of the appeal from that order had himself assumed to administer upon his father's estate as executor, particularly by securing the appointment of appraisers, by returning an inventory and appraisement of its property, by publishing notice to creditors, by approving creditors' claims, etc. Inga Hansen in her capacity as

executrix, after her appointment, moved to strike these proceedings from the court files.

Further, after the remand of the matter to the lower court Mr. Hansen as executor filed there what he styled his final report and account of his administration, and prayed its approval and thereupon his final discharge. To this final account and to the hearing had thereon on May 20, 1954, Inga Hansen as executrix objected.

The substance of both this motion and these objections was that because of the appeal taken on August 13, 1951, to this court (1) the district court was divested of jurisdiction to issue letters testamentary to Floyd V. Hansen, and (2) he was therefore without authority to administer upon the Hansen estate.

By separate orders the lower court denied the motion to strike, and after overruling the objections of the executrix settled the final account of Floyd V. Hansen as the executor of the estate in office as such until the order by which he was appointed had been reversed by this court.

From these orders Inga Hansen has again appealed, this time as the executrix under her husband's will.

The order denying her motion to strike is not appealable. R. C. M. 1947, sections 93-8003, 93-8004; In re Tuohy's Estate, 23 Mont. 305, 58 Pac. 722. Compare State ex rel. Smotherman v. District Court, 50 Mont. 119, 145 Pac. 724; Weed v. Weed, 55 Mont. 599, 179 Pac. 827; State ex rel. Cotter v. District Court, 34 Mont. 303, 87 Pac. 614. The attempted appeal from that order is dismissed.

The appeal from the order settling the final account of Floyd V. Hansen as executor is however well taken. Sections 93-8003, subd. 3, 93-8004, subd. 4, supra. By that appeal there is brought here for solution one question, which answered disposes of this controversy:

Were the letters testamentary issued to Floyd V. Hansen on January 9, 1952, and the proceedings thereafter had by him under these letters in the administration of the Hansen estate void

for want of jurisdiction because of the appeal taken on August 13, 1951?

It is familiar law that an appeal to this court divests the district court of jurisdiction over the order or judgment from which the appeal is taken. Thereafter the lower court is without jurisdiction to proceed upon any matter embraced therein. Glavin v. Lane, 29 Mont. 228, 229, 74 Pac. 406; Hynes v. Barnes, 30 Mont. 25, 27, 28, 75 Pac. 523; Moreland v. Monarch Mining Co., 55 Mont. 419, 421, 178 Pac. 175; State ex rel. O'Grady v. District Court, 61 Mont. 346, 349, 202 Pac. 575; Stewart v. First National Bank, 93 Mont. 390, 394, 18 Pac. (2d) 801; Moore v. Capital Gas Corp., 117 Mont. 148, 155, 158 Pac. (2d) 302.

The principle of these decisions is crystallized first in R. C. M. 1947, section 93-8011, to the effect that in the cases mentioned there an appeal perfected "stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein." Then R. C. M. 1947, section 93-8014, which is a statute of general application, restates broadly (with certain exceptions not material here) the principle of section 93-8011, which is thereby extended to other appeals not previously covered. These precedents in this court and statutes of this state are in our view controlling of the case before us. See further, 3 Cal. Jur. (2d), Appeal and Error, section 209, page 704; 4 C. J. S., Appeal and Error, section 662, pages 1149, 1150, and cases collected in note 55; section 674, pages 1157, 1158; 3 C. J., Appeal and Error, section 1446, page 1315; section 1448 (3), page 1319; California Code Civ. Proc. sections 946, 949 (1953); In re Estate of Stough, 173 Cal. 638, 640, 642, 161 Pac. 1; In re Estate of Woods, 94 Cal. 566, 29 Pac. 1108; In re Estate of Hultin, 29 Cal. (2d) 825, 833, 178 Pac. (2d) 756; In re Estate of Lee, 26 Cal. (2d) 295, 158 Pac. (2d) 193.

That is, the case in hand comes to this: When on August 13, 1951, Inga Hansen, the widow, appealed to this court further proceedings in the district court on the order from which that appeal was taken were necessary before Floyd V. Hansen could

take letters testamentary upon the estate of his father. This is so, because it was only by qualifying pursuant to that order that he could have letters on this estate at all. This is so also, because it was only by the authority of this order that the clerk of the district court could issue letters testamentary on this estate to anyone. The issuance of these letters on January 9, 1952, was clearly a proceeding upon the order appealed from, and likewise clearly a proceeding upon a matter embraced therein.

The necessary conclusion then upon the premise of these facts ■ and under the authorities and statutes, which we have noted, is that the letters testamentary issued to the son were void, because the district court and its clerk were at the time without jurisdiction. The judge below thought, however, that R. C. M. 1947, section 93-8016, took this case out of the general rule, and accordingly held to the contrary. This was error.

Section 93-8016, supra, reads: "When the judgment or order appointing an executor, or administrator, or guardian is reversed on appeal, for error, and not for want of jurisdiction of the court, all lawful acts in administration upon the estate performed by such executor, or administrator, or guardian, *if he have qualified,* are as valid as if such judgment or order had been affirmed." (Emphasis supplied.)

On its face this section does not conflict with sections 93-8011, and 93-8014, which come before, at least under the facts of this case; and we are concerned with no other. Nor on its face does section 93-8016 give jurisdiction to the lower court under these facts where our decisions in other cases have said there is none.

The point at bar has not been expressly ruled heretofore in this court. But California has held in Re Estate of Stough, supra, that the issuance of letters testamentary after an appeal had been taken from the order of appointment and as well all acts done pursuant to the letters so issued were beyond jurisdiction and therefore void. In effect in California at the time were statutes identical with our sections 93-8011, 93-8014, 93-8016, supra. See California Code Civ. Proc. 1907, sections 946, 949, 966.

In Re Estate of Stough the order appointing one Fishburn executor was made August 2, 1916. On August 4, 1916, an appeal was taken from this order to the California Supreme Court. On September 21, 1916, letters testamentary were issued to Fishburn, who on September 28, 1916, as executor commenced an action to quiet title to certain estate property. These facts are substantially the same as those which appear in the record here. Upon motion made to stay Fishburn from proceeding as executor with the probate of this estate the California court concluded, 173 Cal. 642, 161 Pac. 2: "* * * that all of the proceedings had in the court below after the filing of the notice of appeal, and looking to the conferring of the powers of an executor upon Fishburn, and all steps taken by said Fishburn as executor were without authority and void." Compare In re Estate of Woods, supra; In re Stratton, 133 Cal. App. 738, 24 Pac. (2d) 832; In re Estate of Lee, supra, 26 Cal. (2d) at page 296, 158 Pac. (2d) 193 (after repeal of section 966, supra, and the enactment of section 1241, Cal. Prob. Code, by Cal. Stat. 1933, c. 969, page 2498); In re Estate of Hultin, supra, 29 Cal. (2d) at page 833, 178 Pac. (2d) at page 760 (semble).

The reasoning of these opinions in California is sound.

In reaching the same conclusion in this case it is not necessary that we decide what is the meaning in all cases of the clause "if he have qualified", which is contained in section 93-8016 of our Codes, and which also found an exact counterpart in the California Codes when In re Estate of Stough was decided. Here in our view Floyd V. Hansen never qualified as executor of the Hansen Estate, because when he attempted to do so the the district court had lost jurisdiction of the matter entirely, such that there was then in effect neither an order pursuant to which he might qualify nor an order under which letters might issue to him.

Section 93-8016 then could not reach his case to take it out of the sweep of sections 93-8011, 93-8014. That statute does not apply to this case because of its own language. It would be a strange reading indeed which would hold that an executor had

qualified within the meaning of that statute, although his letters were in law nullities, and his qualification contrary to law and void. We shall adopt no such unreasonable construction.

Rather we approve what the Supreme Court of California has said in Re Estate of Stough to the point that the general rule embodied in our sections 93-8011 and 93-8014 is applicable to this case. Because the district court here proceeded without jurisdiction when its clerk issued letters testamentary to Mr. Hansen, we conclude further that neither his letters nor his acts done thereunder are saved by section 93-8016 inasmuch as he never qualified. Further we need not go in construing section 93-8016 to dispose of this appeal.

Coburn v. Hynes, 161 Cal. 685, 120 Pac. 26, which the district judge thought decisive of the right of Floyd V. Hansen to administer, is for us neither persuasive nor controlling. There the point for decision on this appeal was not an issue and was not passed upon. The language of the Coburn case upon which reliance is had by the respondent and in the opinion below is *dictum*. It has been so considered since by the California Supreme court itself.

In Hellman Commercial Trust and Savings Bank v. Alden, 206 Cal. 592, 608, 275 Pac. 794, 801, that court said: "The question of suspending the effect of the adjudication of incompetency was not involved in that case. [Coburn v. Hynes, supra.] The court merely held that, since the statute did not authorize a guardian to take charge of the estate pending an appeal, he had no such power." Compare also Security-First National Bank v. Superior Court, 100 Cal. App. 702, 705, 280 Pac. 995.

Further it appears beyond dispute from the opinion in Coburn v. Hynes that there the court gave no consideration at all to sections 946, 949, California Code Civ. Proc. 1907, then in force, which as we have already noted were substantially the same as are now sections 93-8011, 93-8014, of our 1947 Codes. Nor is there to be found in that opinion mention of any authority such as Glavin v. Lane, supra, and its companion decisions, which we have cited above, and which in this court are directly

to be applied to the problem presently for solution by us. In these circumstances we are not to consider certainly that these statutes are not applicable to the case at bar solely because of the *obiter dictum* of the Coburn case.

For like reasons the citation of In re Rohkramer's Estate, 113 Mont. 545, 131 Pac. (2d) 967, lends no support to the respondent's case. There the problem which this record presents under sections 93-8011 and 93-8014 was not touched at any point. Compare Webster v. Fall, Secretary, etc., 266 U. S. 507, 45 S. Ct. 148, 69 L. Ed. 411; Bales v. Brome, 53 Wyo. 370, 380-382, 84 Pac. (2d) 714.

Finally, if Coburn v. Hynes as construed, applied and relied upon by the trial court were ever pertinent to the facts before us now, its force was spent when the California Supreme Court decided In re Estate of Stough five years thereafter, and accordingly unquestionably repudiated any implication to the contrary of the Stough opinion which otherwise might be read in the Coburn decision. Indeed to read the Coburn opinion and the later California cases where it has been noticed is to conclude, as we have, that Coburn v. Hynes has never been accepted in California as even persuasive of the correct answer to the question which we meet here.

But were the case otherwise, the decisive holding in Re Estate of Stough would entirely destroy the authority of the Coburn case as a precedent upon which to rest our opinion turning this appeal. Our conclusion to this point disposes without more of this controversy.

We therefore reverse the order of the lower court which settled this final account with directions to sustain the objections of the executrix to the final report, account and petition of Floyd V. Hansen as executor, and thereupon to dismiss for want of jurisdiction. It is so ordered. The appellant shall recover her costs of appeal.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANGSTMAN, ANDERSON, and BOTTOMLY, concur.