In the Matter of the Estate of FRANK E. HARDY, Deceased. SADIE HARTLEY and ELIZABETH LEWIS, Appellants, v. CHARLES B. HARDY, Administrator with the Will Annexed of the Estate of Frank E. Hardy, Deceased, Respondent.

No. 9563.

Submitted January 28, 1958. Decided May 16, 1958.

325 Pac. (2d) 694.

John M. Lexcen, Jr., Washington, D. C., for appellants.
Paul H. Cresap, Sidney, for respondent.

MR. JUSTICE CASTLES:

This appeal seeks to reverse an order of the district court, for ▉▉ Richland County, sitting in probate. The order refuses to revoke letters of administration of the estate of Frank E. Hardy, with will annexed, issued to Charles B. Hardy, as administrator *de bonis non*. Objections are grounded on the administrator's alleged nonresidence. This appeal is companion to appeal No.

9562, In re Estate of Hardy, ...... Pac. (2d) ......, contesting the will of Frank E. Hardy under which the letters here attacked were issued.

The testator, Frank E. Hardy, died October 23, 1952. His immediate heirs were a brother, Charles J. Hardy, two sisters, Elizabeth Lewis, Sadie Hartley, a nonresident, and one nephew and three nieces, the four children of a brother and two sisters who predeceased the testator. He left substantial estate in Richland County, Montana.

As executor, testator's will nominated the surviving brother, Charles J. Hardy, but joined by his sisters above-named, he renounced in favor of his own son, Charles B. Hardy. Since that time Charles J. Hardy has also died.

On December 10, 1952, this nephew of the testator was appointed administrator of the estate of Frank E. Hardy, with will annexed. He qualified and has served since. He is not here charged with maladministration, but his competence to accept and to hold appointment is attacked on the principal ground that his Montana residence is not bona fide. However, matters of a more derogatory nature are involved in the will contest, appeal No. 9562, decided against Charles B. Hardy as administrator, with will annexed, as a reading of our opinion in that appeal will show.

Although Charles B. Hardy's appointment was apparently by harmonious decision between the Frank E. Hardy heirs, within less than a year of the testator's death these heirs had fallen into a family dispute. As a result, on October 28, 1952, Elizabeth Lewis and Sadie Hartley, the administrator's aunts, who originally had renounced in his favor, filed the within action, appealed as No. 9563, seeking revocation of Charles B. Hardy's letters. As stated, it is from the district court's order refusing to revoke these letters that this appeal is taken.

In view of our decision in the will contest, the questions here raised may be disposed of in summary manner. This does not mean that briefs of counsel have not been reviewed with care

and their contentions weighed. We are, however, controlled by statutes which come into play when the will is revoked under which the letters in question were issued. The statutes here controlling are sections 91-1104 and 91-1105, R. C. M. 1947, which are as follows:

Section 91-1104. "In all cases of petitions to revoke the probate of a will, wherein the original probate was granted without a contest * * * If, * * * the will is for any reason invalid, * * * the probate must be annulled and revoked."

Section 91-1105. "Upon the revocation being made, the powers of the executor or administrator with the will annexed must cease; but such executor or administrator shall not be liable for any act done in good faith previous to the revocation."

Thus, in view of our decision in appeal No. 9562 denying probate to the Frank E. Hardy will for lack of testamentary capacity and for undue influence exerted upon the testator by Charles B. Hardy, and his father, Charles J. Hardy, the letters issued to Charles B. Hardy necessarily must be revoked, without reference to a bona fides of his residence and no matter what errors are specified by the appellant or cross-assigned by the respondent in this appeal.

The dispute over residence depends upon the fact that the administrator lives in a community divided by a state line. He owns habitable ranch and town property and he has lived on either side of the line, in both states. The question raised is did the administrator reside *Bona fide* in Montana or was he there only as a matter of convenience. We indicate the problem but do not pass on it. The district court's order refusing to revoke the letters of administration assumes bona fide Montana residence. Under our decision in the will contest, the order must be overruled. We have no doubt, however, that had our decision in the will contest been before the district court at the time the petition for revocation of letters was heard, the district court would have ordered the letters revoked under the authority of

R. C. M. 1947, sec. 91-1104, as we do here. See discussion in 2 Bancroft, Probate Practice (2d ed.), sec. 240, p. 30.

As above stated, Charles B. Hardy, the administrator, is not charged with mismanagement in this appeal. Under R. C. M. 1947, secs. 91-1104 and 91-1105, he is relieved of personal liability for his bona fide acts of administration up to the date the probate is annulled and revoked. But bona fide of a nature more substantial than the technicalities of the respondent administrator's status are here involved, and under R. C. M. 1947, sec. 91-1106, he is, as the party unsuccessfully resisting the revocation of probate, personally chargeable with the costs of the within action, appealed here as No. 9563, "as the court directs."

In this connection we note that respondent's Montana residence, a matter certainly within his own knowledge, was asserted not directly but by way of information and belief. This raised no issue. See 1 Bancroft, Code Pleading, sec. 412, pp. 604-605 (citing Hough v. Rocky Mountain Fire Ins. Co., 70 Mont. 244, 224 Pac. 858); Id., sec. 628 at p. 915; 1 Bancroft's Code Pleading, Practices & Remedies, Ten-Year Supplement, sec. 412, pp. 197-198; 41 Am. Jur., Pleading, secs. 151 and 152, pp. 398-399, citing State ex rel. Milsted v. Butte City Water Co., 18 Mont. 199, 44 Pac. 966, 32 L. R. A. 697, 56 Am. St. Rep. 574. See 71 C. J. S. Pleading, sec. 150, pp. 318-319, where the rule is given: "It [denial on information and belief] may not be used as to allegations of facts which are actually or presumptively within defendant's knowledge * * * and will be treated as an evasion and as an admission of the facts alleged." See, also, In re Estate of Schuh, 66 Mont. 50, 212 Pac. 516; Goldwater v. Oltman, 210 Cal. 408, 292 Pac. 624, 71 A. L. R. 871; Taylor v. Newton, 117 Cal. App. (2d) 752, 257 Pac. (2d) 68.

Respondent's assertion of bona fide residence must also be weighed against the fact that he, along with his father who nominated him as administrator, was charged in the will contest, appeal No. 9562, with having exerted undue influence in

procuring Frank E. Hardy to make the will we have held invalid; that a jury answered special interrogatories propounded in the will contest not only to the effect that the testator uncle was not competent to make the will under which respondent's letters were issued, but, further, that he made it under the undue influence of Charles J. Hardy, respondent's father, and of respondent Charles B. Hardy. Thus we state that bona fides of a nature more substantial than the technicalities of residence are involved.

Probate managers are fiduciaries of the court. Their office is upon a trust. They must be above suspicion. Mr. Justice Holloway once described their obligations as those of "faithful stewardship." In re Allard's Guardianship, 49 Mont. 219, 225, 141 Pac. 661. Chief Justice Callaway described their fees as "the reward of faithful stewardship" (In re Jennings' Estate, 74 Mont. 468, 474, 241 Pac. 655, 657) and later wrote (In re Rinio's Estate, 93 Mont. 428, 435, 19 Pac. (2d) 322, 325) that the "law does not look with favor upon the administration of estates by a person where conflicts in the performance of his duty are likely to arise." See, similarly, Chief Justice Brantly's discussion of this "stewardship" in In re Dolenty's Estate, 53 Mont. 33, 161 Pac. 524, and 2 Bancroft, Probate Practice, sec. 235, pp. 18-19, which concludes: "The right to administer is valuable; but so are the rights and the peace of mind of other persons interested." This principle is reiterated in the recent opinion on rehearing in In re Adkins' Estate, 133 Mont. 27, 319 Pac. (2d) 512, 514, where we quote from Farnsworth v. Hatch, 47 Utah 62, 74, 151 Pac. 537, which adopts the principle of Putney v. Fletcher, 148 Mass. 247, 19 N. E. 370: " 'An executor or administrator is deemed unsuitable when he has *any conflicting personal interest which prevents him from doing his official duty'*." Emphasis supplied.

The order appealed is set aside. The letters of administration of the estate of Frank E. Hardy, with will annexed, heretofore issued to Charles B. Hardy, are annulled. The administrator is

448

removed. The costs of the within action are against Charles B. Hardy, personally, not against the Frank E. Hardy estate, but his ordinary fees as administrator *de bonis non* and the fees of his counsel are allowed.

The cause is remanded to the district court of Richland County for further proceedings, not inconsistent with this opinion. Nothing should be construed herein as nullifying previous actions taken in good faith in the probate, to the end that the probate of the estate of Frank E. Hardy shall be brought to a speedy and orderly termination without further delay. See In re Esterly's Estate, 97 Mont. 206, 34 Pac. (2d) 539; R. C. M. 1947, secs. 91-1105, 91-1106; In re Rohkramer's Estate, 113 Mont. 545, 558, 131 Pac. (2d) 967.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ANGSTMAN and ADAIR, and HONORABLE T. E. DOWNEY, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, concur.